LOB WOLF & another *vs.* BOSTON VENEER BOX COMPANY.

The plaintiffs in August agreed to deliver to the defendant, as ordered, monthly throughout a year, logs averaging a certain diameter; the defendant having the option to determine the contract, paying to the plaintiffs the cost of the logs cut and ready for delivery or afloat, which they might have on hand in view of their engagements under the contract. The defendant in October terminated the contract, the plaintiffs then having on hand some logs afloat, and others cut in the woods but not removed. These logs were measured by the agents of both parties in January, and were found to be almost all of less than the specified average diameter. *Held*, that, in the absence of evidence that the plaintiffs had acted unreasonably or in bad faith, the defendant was liable for the cost of all these logs, and not of such only as would average of the specified diameter.

CONTRACT on an agreement made August 12, 1869 between the plaintiffs, Lob Wolf and Daniel Heyman, doing business under the style of L. Wolf & Company, of the one part, and the defendants of the other part, that the plaintiffs should sell and deliver to the defendants at Greenpoint in New York as much gum-wood lumber as should be ordered before the 20th of any month, to be delivered during the ensuing month; that no log should have a less diameter than fifteen inches, nor a larger diameter than thirty-four inches, and the average diameter of the logs should not be less than twenty-four inches; that the contract should run for one year from August 31, 1869; that the defendants should order of the plaintiffs all the gum-wood they required in their business; and that, if at any time the defendants should discontinue their business, and for that or other reasons should notify the plaintiffs that they should require of them no more gum-wood lumber, then, if the plaintiffs, " in view of their engagements as per present contract, shall have on hand, cut and ready for delivery, or afloat, certain amounts of said gum-wood lumber," the defendants " will buy the same to an amount not to exceed 100,000 feet, and shall pay for the same such sum as the said lumber shall have cost " the plaintiffs.

At the trial in the superior court, before *Devens*, J., these facts appeared : The lumber was cut in Virginia. The plaintiffs made two shipments, which were received by the defendants on September 22, 1869, and paid for. The average diameter of the logs in these shipments was less than twenty-four inches, and on receipt of these shipments the defendants informed the plaintiffs that the lumber must be larger. On October 4 the defendants notified the plaintiffs they should want no more lumber, and the plaintiffs immediately sent word to Virginia and stopped cutting. When they stopped cutting, they had 57,000 feet of logs at landings in Virginia, and 37,000 feet in the woods, all of which had been cut by the plaintiffs in order to meet their engagements under the contract, and which cost them $1247.14. Only nine of these logs were twenty-four inches or more in diameter; and these nine logs, with seven others, gave an average diameter of twenty-four inches, and the sixteen logs cost

the plaintiffs $13.29. The logs were measured on January 1, 1870, by the plaintiffs' surveyor and a surveyor sent by the defendants. Owing to the nature of the soil where the gum-wood grew, it was impracticable to cut and remove it for about four months in the year, beginning in December.

The plaintiffs were allowed to introduce testimony, against the defendants' objection, that after the contract the defendants informed the plaintiffs that they should probably want at Greenpoint about 50,000 feet per month, and that if the business should prove successful they should probably start a factory in Boston, where they would require the same quantity. If this testimony was admissible, it was agreed that the facts were as testified to.

Upon the foregoing facts, agreed to or found upon the proofs, this case was, by consent, reported to this court, who were to render such judgment thereon as the law required.

*E. Merwin,* for the plaintiffs.

*J. S. Abbott,* for the defendants.

COLT, J. Under the contract between these parties, the plaintiffs were to make monthly deliveries of logs as they were ordered by the defendants, not less than fifteen nor more than thirty-four inches in diameter, with an average diameter of not less than twenty-four inches. The contract was to run for a year, but the defendants had the option to terminate it any time, paying the plaintiffs for the logs cut and ready for delivery or afloat which they might have on hand " in view of their engagements " under it. The contract was terminated by the defendants, and this action is brought to recover for the logs on hand which were procured to meet the contract.

The defendants contend that they are liable to pay only for so many logs on hand as would make an average diameter of twenty-four inches ; but the difficulty with their position is, that the plaintiffs had a right to deliver logs of smaller diameter down to fifteen inches, and to receive pay for them, provided the average on the whole delivery did not fall below twenty-four inches. It was in the power of the plaintiffs, in the future deliveries which the contract contemplated, if not terminated by the defendants

to bring up the average diameter to the standard named, and so render all the logs cut available under it. And the case finds that, at the time the cutting stopped, there were logs in the woods in Virginia and at the landings, which cost the plaintiffs $1247.14, all of which had been cut by the plaintiffs in order to meet their engagements under the contract. There is no suggestion that the conduct of the plaintiffs in accumulating this lumber under the contract was not reasonable and dictated by entire good faith; and there seems to be no ground for such a charge, in view of the defendants' notice that they should probably require 50,000 feet a month, and the acknowledged impossibility of cutting and removing gum-wood in the forests of the South during the winter months.

It is insisted by the defendants that it was the plaintiffs' duty to notify them within a reasonable time that the logs were on hand ready for delivery, which they were required to take under the agreement; and that the suit cannot be maintained without proof of such notice. No notice or demand is required by the express terms of the contract, and none is necessary unless from the nature of it the matter lies peculiarly in the plaintiffs' knowledge. The case finds that the plaintiffs were notified in October that no more lumber was wanted, and in January following the logs on hand were measured by the plaintiffs' surveyor and a surveyor sent by the defendants. If notice was necessary, there is sufficient evidence in this, that reasonable notice was given before the commencement of this suit.

Judgment must be entered for the plaintiffs, according to the terms of the report, for $1247.14.