MERTON C. JOHNSON *vs.* MARCELLUS WALKER & others.

Plymouth.    November 11, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract — Non-performance — Act of God — Illness.*

In an action to recover the balance due upon a contract to work for the defendants for a year as foreman in a shoe shop, the evidence was, that, after working for a part of the year and receiving pay therefor at the stipulated rate, the plaintiff became ill and was entirely incapacitated from work for seven weeks, during which time he had no communication with the defendants; and that when, upon his recovery, he offered to resume work, he was told that he had been discharged and a man hired in his place. *Held,* that, as matter of law, the contract was qualified and conditional, depending upon the continuance of the plaintiff's health and capacity to perform the services required; and that his illness constituted such an interruption of and failure to perform his contract on the part of the plaintiff that the defendants were justified in terminating it without notice.

CONTRACT to recover the balance due upon an agreement to work for the defendants for a year. Trial in the Superior Court, before *Lathrop,* J. The plaintiff introduced evidence tending to prove the following facts.

The defendants on December 1, 1886, hired the plaintiff to be the foreman of the gang-room in their shoe shop at Brockton, for the term of one year, at a salary of twenty-four dollars a week. The plaintiff was to have charge of a number of men employed in such room, to superintend them and see that they were kept employed, to lay out their work and to see that it was properly done; and the presence of some one acting either temporarily or permanently as such foreman was necessary for the successful carrying on of the defendants' business.

The plaintiff entered on his employment under the contract, and worked for the defendants, and received his pay weekly according to the terms of the contract, until September 8, 1887. On that day he became ill with typhoid fever, and so remained until October 25 following, during which period he was incapacitated for work in the shop, and did not go there, and sent no notice to the defendants of the reason of his absence, of his

condition, or in regard to the time he would be likely to remain absent or be able to resume work, except that on the day he was taken ill he informed them that he was ill, and went home. At no time during his illness was the plaintiff dangerously ill, or in danger of death, or of being permanently incapacitated for his work. On October 25 the plaintiff became well, and reported at the shop to go to work in pursuance of his contract. He was then and there told by the defendants that he had been discharged, and that there was a man in his place. This was the first knowledge the plaintiff had of his discharge. There was no evidence that the defendants made any inquiries regarding the illness or condition of the plaintiff during his absence, or gave him any reason for discharging him; nor was there any evidence as to when the discharge was made, or that the plaintiff was notified thereof until October 25.

The action was for the balance due for the term of one year, from September 8, 1887, to December 1, 1887, waiving any claim for salary during the period of the plaintiff's illness.

The defendants asked the judge to rule, as matter of law upon the evidence, that the plaintiff could not recover. The judge so ruled, and ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*J. J. Dowd,* for the plaintiff.

*H. Kingman,* for the defendants.

MORTON, J. If the contract was an absolute one, the plaintiff is entitled to recover. There were no qualifications annexed to it in terms. But we think, as matter of law, it must be deemed to have been a qualified and conditional contract. It related to the personal services of the plaintiff. These could be performed by no one except him. The work to which they related could be done by another; but his own services could be rendered by no one except himself. They could be rendered by him only so long as he was of sufficient health and capacity. We think, therefore, that it was implied that inability from sickness or disease to perform the services on which the contract depended would be a sufficient excuse for non-performance on his part and on that of the defendants. *Yerrington* v. *Greene,* 7 R. I. 589. *Cuckson* v. *Stones,* 1 El. & El. 248, 257. *Spalding* v. *Rosa,* 71 N. Y. 40. *Robinson* v. *Davison,* L. R. 6 Ex. 269. *Boast* v. *Firth,*

L. R. 4 C. P. 1.  *Hubbard* v. *Belden*, 27 Vt. 645.  *Ryan* v. *Dayton*, 25 Conn. 188.  *Green* v. *Gilbert*, 21 Wis. 395.

Whether a temporary illness of a few hours, or in some instances perhaps of a few days, would in all cases come within the implied condition, we need not consider.  In the present case the plaintiff was sick about seven weeks, and during all that time, as the exceptions state, was incapacitated from work in the defendant's shop.  We think that, as matter of law, this constituted such an interruption of and failure to perform his contract on the part of the plaintiff, that the defendants were justified in terminating it, and employing another person in his place.

If the defendants had not paid the plaintiff all that was due him at the time when he was taken ill, his illness would have operated as an excuse, so that, notwithstanding the non-performance of his contract, he could have maintained an action against them for the amount due him.  *Fuller* v. *Brown*, 11 Met. 440.  *Harrington* v. *Fall River Iron Works*, 119 Mass. 82.  But the fact that he was incapacitated by causes beyond his own control, or, as it is termed, by the act of God, did not deprive the defendants of their right to terminate the contract, or oblige them to keep his position for him till he recovered.  The right of the defendants to terminate the contract did not depend on giving notice to the plaintiff, but on the fact that he had become unable to render the services on whose continuance the contract depended.

Without undertaking to say that in no case could there be a duty on one side or the other to give notice of an intention to dissolve the contract because of inability to perform it on account of illness, we think there was no such duty on the defendants in the present case.

*Exceptions overruled.*