Merrimack, }
Dec., 1895. }

MEREDITH VILLAGE SAVINGS BANK *v.* MARSHALL, *Adm'r.*

Dividends upon stock pledged as collateral security are the property of the pledgee.

ASSUMPSIT, to recover dividends on bank stock pledged to the plaintiffs. Facts found by the court. Henry J. Crippen, who died in December, 1893, and of whose estate the defendant is the administrator, was a member of the firm of Crippen, Lawrence & Co. In July, 1893, Crippen, being the owner of fifty shares of the stock of the Farmers' National Bank of Salina, Kan., legally pledged the same as collateral security for an indebtedness of Crippen, Lawrence & Co. to the plaintiffs, who have ever since held the same as such collateral. There was no transfer of the stock to the plaintiffs entered on the books of the Farmers' National Bank, and the officers of that bank had no knowledge of the transfer. In January, 1894, a dividend was declared on the stock standing in the name of Crippen, and was paid to the defendant.

*Streeter, Walker & Hollis,* for the plaintiffs.

*Anson S. Marshall* and *Sargent & Hollis,* for the defendant.

WALLACE, J. The transfer by Crippen of his shares of stock in the Farmers' National Bank to the plaintiffs as a pledge to secure the indebtedness of Crippen, Lawrence & Co., was valid as between the parties, although without registration on the books of the Farmers' National Bank, and without the knowledge of the officers of that bank. It passed Crippen's legal and equitable title to the shares of stock to the plaintiffs. *Scripture* v. *Soapstone Co.,* 50 N. H. 571, 585; *Buttrick* v. *Railroad,* 62 N. H. 413; P. S., *c.* 149, *s.* 14. As Crippen's administrator had no greater rights than he had, the question of the rights of third parties without notice is not presented.

The only question is whether the pledgee of stock is entitled to the dividends which accrue while he holds it as against the pledgor, and whether the pledgee can recover them of the pledgor when they are paid to him by reason of the want of a transfer on the books of the corporation. Under the contract of pledge, the pledgee is entitled to hold the natural increase of the thing pledged as accessory, or as an incident of the property in his hands. The general rule that the increase of the property is pledged with it, applies to dividends accruing on stock while it

is held in pledge and gives them to the pledgee. The fact that there was no registration of the transfer on the books of the bank warranted that corporation in paying the dividends to the pledgor. But the dividends being the property of the pledgee under the contract, when the pledgor receives them he holds them as the trustee of the pledgee, and is answerable for them to the pledgee in a suit for their recovery. Jones Pledges, *s.* 398; Sch. Bailm., *s.* 176; 1 Cook Stock & Stockh., *s.* 468; *Merchants Bank* v. *Richards*, 6 Mo. App. 454; *Gaty* v. *Holliday*, 8 Mo. App. 118; *Hill* v. *Company*, 8 Hun 459; *Herrman* v. *Maxwell*, 47 N. Y. Super. Ct. 347.

*Judgment for the plaintiffs.*

BLODGETT, J., did not sit: the others concurred.