WILLIAM F. FULLAM & another *vs.* WRIGHT AND COLTON WIRE CLOTH COMPANY.

Worcester.    October 1, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, & SHELDON, JJ.

*Evidence*, Extrinsic affecting writings.    *Contract*, Construction, Performance and breach, Repudiation.

At the trial of an action for the purchase price of wood, it appeared that the plaintiff had accepted an order in writing of the defendant for the shipment of "900 cords of dry wood largely chestnut, some hard wood, pine and poplar, to be delivered on cars, as much as two or three cars per day or more if possible, payments to be made as shipments, say weekly."    *Held*, that evidence as to the situation of the

parties was admissible to show whether it was their intention that each car load delivered should contain the proportions stated in the order.

A manufacturer, apprehensive lest, because of a strike which was occurring among the laborers at the coal mines, he might be unable to obtain coal to use in annealing furnaces and for making steam, which was the motive power in his factory, wrote to a dealer in wood, who understood the circumstances, an order for shipment of "900 cords of dry wood largely chestnut, some hard wood, pine and poplar, to be delivered on cars, as much as two or three cars per day or more if possible, payments to be made as shipments, say weekly," and the dealer accepted the order in writing, and, from a yard containing wood of quality and quantity sufficient to fill the manufacturer's order, shipped several car loads of wood containing one quarter chestnut, one quarter birch and the remainder pine, intending, however, that the shipment as an entirety should be of different kinds of wood in the proportions named in the order. The manufacturer thereupon repudiated the contract. The wood furnished could have been used for making steam but not in the annealing furnaces. *Held*, that the intention of the parties was that each car load should be for immediate use by the manufacturer and therefore of the proportions named in the order, and that the repudiation was justifiable.

CONTRACT for a balance of the purchase price of wood alleged to have been sold to the defendant by the plaintiff. Writ in the Superior Court for the county of Worcester dated March 18, 1904.

The case was tried before *Brown*, J., without a jury, and the only evidence was the report of an auditor. The letter of the defendant to the plaintiffs ordering the wood, which was written under the circumstances stated in the opinion, was dated September 30 and read as follows: "Please enter order for the following goods, for shipment as follows: 900 cords of dry wood largely chestnut, some hard wood, pine and poplar, to be delivered on cars Brookfield, Mass, as much as 2 or 3 cars per day or more if possible, until all taken. Payments to be made as shipments, say weekly. Please begin shipments at once. This order confirms order given Mr. Cummings by telephone to-night about 7.30 by writer. Wright & Colton Wire Cloth Co. Per G. M. Wright. Ship to Worcester, via. F. O. B. cars Brookfield, Price $5.00 cord." To this the plaintiff replied by a letter stating: "Yours of Sept. 30th received which you confirm order given to Mr. Cummings, 900 cords of dry wood to be loaded on cars at Brookfield at $5.00. We have booked the order and will hurry it along as fast as possible. Yours truly, Fullam & Cummings."

After five car loads of the wood had been shipped by the

plaintiffs to Brookfield, the defendant inspected them and found them to contain about one quarter round chestnut wood, one quarter birch, and the remainder pine tops and limb wood. The defendant thereupon wrote to the plaintiffs repudiating the order contained in its letter to the plaintiffs' of September 30. The presiding judge found for the defendant and the plaintiffs appealed.

Other facts are stated in the opinion.

*W. Thayer*, (*F. A. Walker* with him,) for the plaintiffs.

*C. M. Thayer*, (*R. F. Gilkeson* with him,) for the defendant, was not called upon.

BRALEY, J.   If the defendant had the right to repudiate its purchase because the wood tendered did not correspond with the description under which it was sold, the judgment in its favor must be affirmed.

The sale was of the whole quantity, at an agreed price, and hence constituted but one indivisible bargain, although the delivery was to be by car loads until all had been delivered, instead of in bulk.   *Miner* v. *Bradley*, 22 Pick. 457.   *Clark* v. *Baker*, 5 Met. 452.   *Young & Conant Manuf. Co.* v. *Wakefield*, 121 Mass. 91.   *Roosevelt* v. *Doherty*, 129 Mass. 301.   *Barrie* v. *Earle*, 143 Mass. 1.   *Stewart* v. *Thayer*, 168 Mass. 519.   *Tripp* v. *Smith*, 180 Mass. 122.   *Providence Coal Co.* v. *Coxe Bros.* 19 R. I. 381.   *Wooten* v. *Walters*, 110 N. C. 251.   *Mersey Steel & Iron Co.* v. *Naylor*, 9 App. Cas. 434.   But, if entire, the contract expressly called for all the wood to be " largely chestnut, some hard wood, pine and poplar," and this statement must be treated as descriptive of the subject matter, and is to be regarded as a warranty of the kind and quality.   In the performance of their promise the plaintiffs therefore were required to deliver wood in conformity with the description.   *Henshaw* v. *Robins*, 9 Met. 83.   *Gossler* v. *Eagle Sugar Refining Co.* 103 Mass. 331.   *Harrington* v. *Smith*, 138 Mass. 92.   *Bowes* v. *Shand*, 2 App. Cas. 445.   *Filley* v. *Pope*, 115 U. S. 213.

It appears from the auditor's findings that, when they accepted the defendant's order, the plaintiffs had purchased wood which in quantity, variety and quality was more than sufficient to enable them to fulfil their contract.   But, upon carting the wood to the cars for shipment from the lot where the vari-

ous kinds had been cut and corded in separate piles, the plaintiffs made no attempt to load each car according to the required assortment. In consequence of this failure the cars forwarded were filled largely with pine, among which was mingled a small amount of chestnut and birch. These consignments the defendant refused to accept because the wood had not been delivered in the required proportions, and repudiated the entire purchase.

It is the contention of the plaintiffs that, if it had been possible to transport the whole at once to the defendant's factory, this would have been a sufficient delivery, even if the several varieties had not been proportionately commingled, (see *Wolf* v. *Boston Veneer Box Co.* 109 Mass. 68,) and that, as transportation by separate car loads was the only feasible way, as well as in accordance with the manner of shipment under the terms of the contract, the defendants were not justified in their refusal to accept, although the wood placed on the cars was not properly assorted. The consideration, however, was entire, even if the plaintiffs were to be paid each week for the number of cords shipped, and whether each car load called for a complete delivery according to the description depends upon the construction given to the contract.

It is settled that, while the order and acceptance, having been reduced to writing, cannot be varied or enlarged by oral evidence, yet the situation of the parties may be considered to ascertain their intention and the meaning of the language used. *Bancroft* v. *Abbott*, 3 Allen, 524, 526. *Keller* v. *Webb*, 125 Mass. 88. *Adams* v. *Morgan*, 150 Mass. 143. *Bassett* v. *Rogers*, 162 Mass. 47. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527, 533. *Callender, McAuslan & Troup Co.* v. *Flint*, 187 Mass. 104. *Buffinton* v. *McNally*, 192 Mass. 198. *DeFriest* v. *Bradley*, 192 Mass. 346, 352, 353. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Smith* v. *Vose Piano Co.* 194 Mass. 193. It is expressly found by the auditor that the defendant, because of a strike at the coal mines becoming apprehensive that it might be unable to obtain soft coal which it had been accustomed to use in its annealing furnaces and for making steam, contracted with the plaintiffs, who knew of these uses, for a supply of cord wood as a substitute. To ship wood in performance of their contract entirely of one kind, or so

sparsely mixed with some of the other varieties that any benefit from the combination as ordered would be lost, cannot be said to be immaterial because not within the contemplation of the parties, but the combination is rather to be considered as an essential element of the contract, and the main purpose for which it was executed.   Nor is the effect of this finding lessened by the further finding of the auditor, that the wood shipped could have been used for making steam, for even then only one of the objects of purchase was covered, as the plaintiffs are found to have known.

Under the conditions of sale it must be held that each car was to be filled with wood so mixed that it would conform to the description as to variety and relative qualities.   *Henshaw* v. *Robins*, *ubi supra*.   *Mansfield* v. *Trigg*, 113 Mass. 350.   The failure of the plaintiffs to meet this requirement in delivery resulted in a total failure of consideration, which justified the defendant in a complete repudiation of the sale.   *Henshaw* v. *Robins, ubi supra.* *Earnshaw* v. *Whittemore,* 194 Mass. 187.    *Cleveland Rolling Mill Co.* v. *Rhodes,* 121 U. S. 255.

*Judgment affirmed.*