F. WARREN CLARK *vs.* MOSES H. GULESIAN.

Suffolk.    November 20, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Pleading, Civil,* Declaration. *Contract,* What constitutes, Performance and breach.

A declaration alleged that the defendant requested the plaintiff to submit an estimate and to make an offer of the amount for which he would erect a building for the defendant according to certain plans and specifications, and promised that, if the plaintiff's offer of a price was accepted, he, the defendant, would give to the plaintiff a bond conditioned upon the performance by the defendant of a contract for the erection of the building; that the plaintiff submitted an estimate and made an offer which the defendant accepted, and that the defendant promised to pay to the plaintiff a certain amount for the erection of the building from time to time as the work progressed, and to give the bond above mentioned; that the plaintiff had always been ready and willing to carry out the contract, but that the defendant refused to execute and deliver the bond. The defendant demurred. *Held,* that the demurrer must be overruled, since, although the principal purpose of the parties to the contract was the erection of the building, the giving of the bond was intended to be concurrent with the making of the contract and a condition precedent to performance by the plaintiff, and therefore there properly was alleged a contract which was broken by the defendant.

CONTRACT. Writ in the Superior Court for the county of Suffolk dated March 9, 1907.

The material portions of the declaration were as follows:

The defendant requested the plaintiff to estimate the cost of erecting and completing and requested the plaintiff to make an

offer of a price for which the plaintiff would erect and complete a building on the corner of Harcourt and Irvington Streets in Boston in accordance with certain plans and specifications then and there shown by the defendant to the plaintiff; and the defendant promised and agreed that, if the said offer of a price for erecting and completing said building was accepted by the defendant, the defendant would execute and deliver to the plaintiff a good and sufficient bond in the sum of $20,000 conditioned on the performance in all respects on the part of the defendant of a contract for the erection and completion of said building in accordance with plans and specifications at the price named in said offer. The plaintiff estimated the cost of said building and made an offer of a price for which he would erect and complete said building. The defendant accepted said offer, and made an oral contract with the plaintiff " under the terms of which contract the plaintiff entered into an agreement with the defendant to erect and finish said building in accordance with said plans and specifications, and the defendant agreed to pay the plaintiff the sum of $77,500 for the erection and completion of said building from time to time as the work progressed and to execute and deliver a good and sufficient bond in the sum of $20,000 conditioned on the performance on the part of the defendant of all the obligations of said contract. And the plaintiff says that he has been always ready and willing to carry out said contract, but the defendant thereafter neglected and refused to execute and deliver any bond in accordance with his aforesaid contract, promise and agreement, and by reason of said neglect he has been unable to carry out said contract and prevented from carrying out said contract to the great damage of the plaintiff."

The defendant demurred. The first and second grounds alleged for the demurrer were general. Other grounds were, in substance, (4) that no complete and enforceable contract was set forth in the declaration, (5) that it did not appear what were to have been the provisions of the proposed bond, (8) that there was no breach of the contract alleged, and (9) that there was no consideration for the defendant's agreement alleged.

There was a hearing before *Lawton*, J., who sustained the demurrer. Judgment was entered for the defendant, and the plaintiff appealed.

The case was submitted on briefs.

*M. S. Case*, for the plaintiff.

*J. W. Pickering*, for the defendant.

BRALEY, J.   The declaration, after allegations of preliminary negotiations, sets forth the oral building contract into which the parties entered.   By its terms, the plaintiff contracted to erect and complete a building according to certain plans and specifications, for which the defendant agreed to pay a fixed sum "from time to time as the work progressed," and to furnish a bond to secure the performance of his promise.   The contract having contained no provisions as to the time within which the building was to be begun and finished or the bond given, the plaintiff became entitled to a reasonable time within which to perform, while the delivery of the bond was intended to be concurrent with the making of the contract.   It evidently was the intention of the parties that full compensation was not to be made until completion, even if instalments were to be advanced as the work progressed, and, the contract being indivisible, performance by one party was conditioned upon performance by the other. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474.   But, while the principal purpose was the erection of the building, yet the giving of security for the payment of the price was intended to be a precedent condition before performance by the plaintiff could be demanded.   *Cadwell* v. *Blake*, 6 Gray, 402.   The plaintiff alleges his readiness to have gone forward, but it is averred that the defendant absolutely refused to execute and deliver the bond, and this refusal prevented him from performance.   By his unqualified refusal the defendant placed himself in default, and the plaintiff had the right either to rescind the contract, leaving him without any cause of action, or to treat it as terminated and bring suit for such damages as he had suffered from the breach.   *Earnshaw* v. *Whittemore*, 194 Mass. 187, 191, and cases cited.

The necessary averments, upon proof of which the plaintiff is entitled at least to nominal damages, having been stated with substantial certainty, the declaration is sufficient, and the demurrer not well taken.   R. L. c. 173, § 6.

*Judgment reversed; demurrer overruled.*