[S. F. No. 5157.   Department One.—November 23, 1909.]

## S. W. LEVY, Respondent, v. CALEDONIAN INSURANCE COMPANY et al., Appellants.

CONTRACT OF EMPLOYMENT—AGREEMENT WITH INSURANCE BROKER—DESTRUCTION OF INSURABLE PROPERTY WITHIN CERTAIN DISTRICT.—An insurance company, which contracts to pay an insurance broker a stated sum per month for a definite period, in consideration of his promise to place with or through it any and all fire insurance business which he might be able to secure or control, is not relieved from liability under its contract, on the ground of failure of consideration, by reason of the total destruction of all the insurable property within a particular district from which a part of its business was derived, when neither the contract nor other evidence discloses directly or by necessary inference that the parties contracted with reference to the broker's ability to secure business in such district, and it appears that notwithstanding such destruction, the broker was able to and did, place an enhanced amount of business with the company.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

T. C. Van Ness, for Appellants.

Goodfellow & Eells, for Respondent.

SLOSS, J.—On March 31, 1906, the plaintiff, an insurance broker at San Francisco, entered into a written contract with one Conroy, who was acting on behalf of four foreign insurance corporations, which he represented as manager for the Pacific Coast. By this contract, Levy, in consideration of the monthly payment to him of one thousand dollars, agreed to place in said companies or through them, any and all fire insurance business which he might be able to secure or control. The consideration above expressed was to cover all compensation for services rendered by Levy and clerical service of his employees. The agreement provided that it was to continue for a period of two years, commencing April 1, 1906. There were other terms, none of which have any bearing upon the present controversy.

No payments were ever made to Levy under the contract. This action was commenced in September, 1906, and by it the plaintiff sought to recover from said four corporations the five installments of one thousand dollars each, falling due up to the first day of September. A supplemental complaint, filed in March, 1907, asked judgment for the further sum of six thousand dollars. Plaintiff recovered judgment for the sums demanded, and the defendants appeal from the judgment and from an order denying their motion for a new trial.

The defense relied upon is stated in the answer as follows: The defendants allege that at the time they entered into said agreement with plaintiff the principal portion of the business controlled and within the understanding of the parties to be controlled by plaintiff consisted of risks located in the business district of San Francisco; that said business district was, during the eighteenth, nineteenth, and twentieth days of April, 1906, totally destroyed by earthquake and fire, and that by reason of such destruction, and of the destruction of the insurable property in said district, it will not be possible for plaintiff to secure for said companies the business in considera-

tion of which he made the agreement, and that by reason thereof the consideration for which said companies entered into said agreement has failed in a material respect. The defendants allege that they entered into said agreement in consideration and because of the fact that plaintiff controlled a large insurance business in said business district. It is further alleged that immediately after the destruction of said business district, the defendants notified plaintiff that they would no longer recognize the agreement as binding upon them and rescinded said agreement.

The court found that the consideration for the covenants and promises of the defendants is as set forth in said written agreement and not otherwise; that it is not true that by reason of the destruction of the business district or the insurable property therein, it will not be possible for plaintiff to secure the business in consideration of which the defendants entered into said agreement. The agreement, it was found, has not failed in any material respect. The court finds that the business of insurance at all times since the said fire has been conducted in the city and county of San Francisco, although the location of the risks has changed by reason of the said fire; that the plaintiff has been able to procure, and has in fact procured, for the defendants a larger amount of insurance than before the fire. The defendants, the court finds, continued, after the earthquake and fire, to accept from the plaintiff performance of the agreement on his part, and received from him fire insurance until June 21, 1906, the date of the attempted rescission. The finding on the plea of rescission is against the defendants. This, however, is immaterial, if the court below was right in its view that there was no ground for rescission.

The findings regarding the business procured by plaintiff for defendant companies since the fire are fully sustained by the evidence. There is no dispute of the fact that after the fire, as before, the plaintiff placed with the defendants all the fire insurance business which he was able to control. The plaintiff testified that within fifteen days after the fire he resumed his insurance business. The interruption was only during the time when "everything was in chaos and the insurers had no papers or books." The trial of the action commenced on March 25, 1907, not quite one year after the

CLVI Cal.—34

date fixed for the commencement of the contract. From March 31, 1906, to the time of his testimony, the plaintiff placed with the defendant companies insurance on which the premiums amounted to $45,219.84. The average for the three years preceding the fire had been from thirty thousand dollars to thirty-five thousand dollars.

On these facts we can see absolutely no foundation for the contention of the defendants that they were relieved from performing their contract by any failure of consideration. The appellants seek to bring the case within the well-established rule excusing performance where a contract is made in contemplation of the. continued existence of a subject-matter which is, after the making of the contract, destroyed without the fault of either party. (*Taylor* v. *Caldwell*, 3 B. & S. 826; *Potts Drug Co.* v. *Benedict, ante,* p. 322, [104 Pac. 432]; *Wells* v. *Calnan,* 107 Mass. 514, [9 Am. Rep. 65]; *Land Co.* v. *Harriman,* 68 N. H. 374, [44 Atl. 526]; 9 Cyc. 631; 1 Beach on Contracts, sec. 217.) For example, this contract, which called for the rendition of personal services by Mr. Levy, was, under the rule stated, subject to the implied condition that, in the event of his death, further performance on both sides should be excused. (*Robinson* v. *Davison*, L. R. 6 Exch. 269; *Spalding* v. *Rosa*, 71 N. Y. 40, [27 Am. Rep. 7]; *Johnson* v. *Walker*, 155 Mass. 253, [31 Am. St. Rep. 550, 29 N. E. 522].) But neither the agreement itself nor the additional evidence discloses directly or by necessary inference that the parties contracted with reference to plaintiff's ability to secure business in a particular district. The appellants' manager testified that plaintiff's business, before the fire, had been partly within, and partly without, the city. The city business amounted to eighty per cent of the whole, and that in the business district to eighty per cent of the city business. This was the extent of defendants' showing. But the destruction of the buildings in the burnt district did not destroy the plaintiff's capacity to obtain insurance. The most reasonable supposition is that the defendants contracted to pay him one thousand dollars per month, not because he was able to write insurance in a certain location, but because his relations with certain people, wherever located, enabled him to write insurance for them. His value to the appellants lay in his clientage, and this continued, notwithstanding the

burning of buildings in which some of his clients had been doing business. Within a brief period after the fire, most of the merchants whose establishments in the burned district had been destroyed, found quarters and resumed business in other parts of the city. There they again required insurance, and the plaintiff was again enabled to place the insurance of those of them who were his clients. It is said that there was, after the fire, a great demand for insurance, and that appellants could have obtained this business without Levy's assistance. But this conclusion is merely speculative, and can have no bearing on the rights of the parties under their contract. It may be that even before the fire the defendant companies might have been able, through their own efforts, to get a large part of the business which was brought to them by plaintiff. But they evidently considered Levy's influence valuable, and agreed to pay him for it. They should not be heard to say that they might have done as well without his aid. That his efforts were effectual is shown by the fact that he turned over a largely increased amount of premiums. Even though the excess was due, in whole or in part, to increased premium rates, there is nothing in the record to suggest that the business was not as profitable as that which the plaintiff had brought in before the earthquake and fire.

In view of what we have said, there seems to be little reason for discussing at any length appellants' further contention that they are relieved because the performance of the contract had become impossible by the occurrence of an event which could not reasonably have been anticipated. There was no impossibility. Plaintiff was able to perform his obligation to furnish insurance. He did perform it. It is equally possible for defendants to perform their part.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.