ESTHER G. DONLAN, executrix, *vs.* CITY OF BOSTON.

Suffolk.    January 19, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach.    *School,* Teacher's salary.

A contract with a city, to perform the duties of a teacher of manual training in the public schools of the city at a fixed yearly salary, is a contract for the personal services of the teacher requiring his individual judgment and ability and is subject to the implied condition that the teacher shall be alive and able to do the work, and therefore is terminated by the teacher's death.

Where a teacher of manual training in the public schools of a city, who is employed by the year at a fixed salary payable in monthly instalments, dies during the summer vacation after the expiration of eleven months of the school year when he has performed all the service required of him for that year, nothing is due to his executor or administrator for the twelfth month, his contract of service being entire and having been terminated by his death and he having been paid in full for his services up to that time.

BRALEY, J.    The plaintiff's testatrix died while in the employment of the defendant as a teacher of manual training in the public schools under a contract at a fixed yearly salary, and this action is brought to recover the balance which would have been due if she had survived the period. It is settled that as performance by her depended upon her personal judgment, ability and efforts, there was an implied condition to which the contract was subject that she should be living and physically able to do the work. *Marvel* v. *Phillips,* 162 Mass. 399, 401. The contract therefore was terminated by her death before the year had ended. *Browne* v. *Fairhall,* 213 Mass. 290, 294. *Johnson* v. *Walker,* 155 Mass. 253.

But as the testatrix died during the summer vacation leaving only one month of the school year unpaid for, the plaintiff contends that this amount, being one twelfth of the salary, is collectible on the basis of the payments she had received each month as shown by her signature on the pay rolls. The contract nevertheless was entire, although the payments were made by monthly instalments. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476. *Clark* v. *Gulesian,* 197 Mass. 492. *Moffat* v. *Davitt,* 200

Mass. 452, 458. And full payment having been made of all that was due when her death occurred, and further payments being conditional upon the continuance of the contract and not upon whether she was excused from the rendition of services during the succeeding month, the action cannot be maintained. *Johnson v. Walker,* 155 Mass. 253, 255. Pollock on Contracts (Wald's ed.) 543, 548.

By the terms of the report * judgment is to be entered for the defendant.

*So ordered.*

*W. J. O'Malley,* for the defendant.
*J. Lundy,* for the plaintiff.