*Municipal Court of the City of Boston*

No. 434920

**WILLIAM H. ORHENBERGER**

v.

**CITY OF BOSTON**

(February 27 — May 19, 1959)

*Present:* Lewiton, J. (Presiding), Roberts & Morrissey, JJ.

Case tried to *Adlow, C. J.*

*Morrissey, J.* This is an action of contract in which the plaintiff seeks to recover the sum of $1,018.66 as the balance allegedly due him as compensation for services rendered by the plaintiff as associate director of the defendant's public schools between September 1, 1953 and July 12, 1954, both dates inclusive. Judgment was ordered for the defendant and

the case reported to the Appellate Division.

This action of contract was tried upon a case stated as follows:

"For the purposes of the trial of the above-entitled action and of any appellate review thereof, it is hereby stipulated and agreed by and between the parties that the facts hereinafter set forth are all the material, ultimate facts from which the rights of the parties are to be determined.

1. At a duly called meeting of the School Committee of the defendant city held on September 8, 1952, said School Committee duly elected the plaintiff to serve at its discretion as Associate Director, Department of Physical Education, at a yearly salary of $7,460 with the benefit of the provisions of the Rules and Regulations of said School Committee; and from the commencement of the next day, to wit, September 9, 1952, until July 13, 1954, when he took office as an Assistant Superintendent of Schools, the plaintiff served as Associate Director, Department of Physical Education.

2. At a duly called meeting of the School Committee of the defendant city held on July 12, 1954, said School Committee duly elected the plaintiff to serve at a yearly salary of $10,264 as an Assistant Superintendent of Schools for the unexpired portion of the term ending August 31, 1954, of Assistant Superintendent John W. Corcoran, deceased; and from the commencement of the next day, to wit, July 13, 1954, until the expiration of the

unexpired portion of the term ending August 31, 1954, the plaintiff served as an Assistant Superintendent of Schools.

3. At the aforesaid meeting of the School Committee of the defendant city held on July 12, 1954, said School Committee further duly elected the plaintiff to serve as an Assistant Superintendent of Schools for the additional term of six years beginning September 1, 1954; and from the commencement of such term on said September 1, 1954, the plaintiff has served as an Assistant Superintendent of Schools and been compensated by the defendant for such service at the rate of $11,264 per year, which was the annual rate of compensation fixed by said School Committee for an Assistant Superintendent of Schools during such time.

4. At all times material to the case at bar, Paragraph 1 of Section 162 of the Rules and Regulations of the School Committee of the defendant city provided as follows:

'The sessions of the day schools shall be suspended on Saturdays, Sundays, and the following-named holidays and vacations: The Twelfth of October; the Eleventh of November; from Thanksgiving Day until the following Monday; from the first calendar day immediately preceding Christmas to and including the first day of the following January; the week in which the Twenty-second of February falls; Good Friday; the week in which the Nineteenth of April falls; Memorial Day; and the Seventeenth of June. Whenever any of the aforesaid holidays falls upon Sunday, the Schools shall not be in session on the following Monday.'

5. At all times material to the case at bar,

Paragraph 4 of Section 164 of the Rules and Regulations of the School Committee of the defendant city provided, so far as pertinent to the case at bar as follows:

'The vacations of certain members of the supervising staff and other employees shall be as follows:

*Director and associate director of physical education*: Holidays and vacations specified in section 162, paragraph 1, of the regulations, except when duties connected with the department require their presence; and, in addition thereto, not more than eight weeks in each calendar year, to be taken at such time or times as the superintendent shall determine.'

6. At all times material to the case at bar, Section 331 of the Rules and Regulations of the School Committee of the defendant city provided, so far as pertinent to the case at bar, as follows:

'Teachers, members of the supervising staff, school physicians, school nurses, librarians, secretaries, clerical assistants, bookkeepers, telephone operators, head supervisor of attendance, supervisors of attendance, and supervisor of licensed minors, whose compensation is established at a fixed rate per annum, and who do not complete the school year because of death, resignation, retirement, marriage or discharge, shall be entitled to that proportion of their salary for the last school year, which shall be obtained by allowing one-tenth of the annual salary for the school year for each school month in the service the last school year, except that where service ends during a month a fraction of one-tenth of the annual salary for the year computed on a basis of thirty days shall be allowed for such month. All deductions required by the regulations on account of any absence from duty shall be made from salaries computed on the foregoing basis."

7. On July 2, 1954, the Superintendent of Schools designated the period commencing July 6, 1954 and ending August 30, 1954, both inclusive, as the period to be taken by the plaintiff as Associate Director, Department of Physical Education, for vacation under the provisions just quoted from Paragraph 4 of Section 164 of the Rules and Regulations of the School Committee of the defendant city.

8. The plaintiff was paid by the defendant in monthly installments of $636.66 each for serving as Associate Director, Department of Physical Education, from September 1, 1953 to June 30, 1954, inclusive, and the further sum of $254.66 for so serving from July 1, 1954 to July 12, 1954, inclusive, and the additional sum of $1,368.53 for serving as Assistant Superintendent of Schools from July 13, 1954 to August 31, 1954, inclusive.

9. The question is whether on the facts stated, the plaintiff is entitled to be paid, as further compensation for serving as Associate Director, Department of Physical Education from September 1, 1953 to July 12, 1954, both inclusive, the sum of $1,018.66, with interest from September 1, 1954."

The case at bar is governed by *Donlan v. Boston,* 223 Mass. 285, where it is said (pp. 285-286) :

"The plaintiff's testatrix died while in the employment of the defendant as a teacher of manual training in the public schools under a contract at a fixed salary, and this action is brought to recover the balance which would have been due if she had survived the period. It is settled that as per-

formance by her depended upon her personal judgment, ability and efforts, there was an implied condition to which the contract was subject that she should be living and physically able to do the work. *Marvel v. Phillips,* 162 Mass. 399, 401. The contract therefore was terminated by her death before the year had ended. *Browne v. Fairhall,* 213 Mass. 290, 294. *Johnson v. Walker,* 155 Mass. 253.

"But as the testatrix died during the summer vacation leaving only one month of the school year unpaid for, the plaintiff contends that this amount, being one twelfth of the salary, is collectible on the basis of the payments she had received each month as shown by her signature on the pay rolls. The contract nevertheless was entire, although the payments were made by monthly installments. *Fullam v. Wright & Colton Wire Cloth Co.,* 196 Mass. 474, 476. *Clark v. Gulesian,* 197 Mass. 492. *Moffat v. Davitt,* 200 Mass. 452. 458. And full payment having been made of all that was due when her death occured, and further payments being conditional upon the continuance of the contract and not upon whether she was excused from the rendition of services during the succeeding month, the action cannot be maintained. *Johnson v. Walker,* 155 Mass. 253, 255. Pollock on Contracts (Wald's ed.) 543, 548."

The plaintiff argues that Rule 331 of the School Committee quoted above, takes this case out of the Rule of the Donlan case. In our opinion, that rule was intended to be applicable only to situations in which the resignation, retirement or discharge of a teacher or other class of employee discussed therein, resulted in his total separation from service in the school system of the City of Boston. Applying this construction of the rule, it follows that since the plaintiff, after termination of his status as Associate Director

of Physical Education continued in the service of the School Committee as Assistant Superintendent, Rule 331 was not applicable to him and his rights are still governed by the principles laid down in *Donlan v. City of Boston,* supra.

Further, it is apparent from the argument of counsel that this is not a case where the parties "expressly agree[d] that no inference shall be drawn" from the agreed facts. *Cf. G. L. c.* 231, §126; *Scacia v. Boston Elevated Railway,* 317 Mass. 245, 248.

Under the circumstances, therefore, it was within the province of the trial judge, even apart from the limited scope of Rule 331 as construed by us, to have inferred from the agreed facts that a novation was entered into between the plaintiff and the School Committee on July 12, 1954, under the terms of which the original employment agreement and all rights thereunder, including rights to salary adjustments, were terminated, and a new agreement substituted therefor for the plaintiff's employment as Assistant Superintendent of Schools. *Traveler Shoe Co. v. Koch,* 216 Mass. 412; *Caswell v. Fellows,* 110 Mass. 52. *Report dismissed.*

*Robert J. Sherer,* of Boston, for the Plaintiff.

*William J. Baxter,* Corporation Counsel, and *William H. Kerr,* Assistant Corporation Counsel, both of Boston, for the Defendant.