WILLIAM H. OHRENBERGER *vs.* CITY OF BOSTON.

Suffolk.    November 5, 1959. — December 7, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*School and School Committee. Contract,* Of employment, With school personnel. *Words,* "Resignation."

A member of the supervising staff of the public schools of a city employed at an annual salary payable in twelve monthly instalments, on being promoted to a higher position in the school system during a school year and immediately entering upon the duties thereof, impliedly resigned his former position but, since there was no separation from the system or interruption of his employment therein, such resignation was not one bringing him within a regulation of the school committee that a teacher or a member of the supervising staff employed at a fixed annual rate who did not "complete the school year because of death, resignation, retirement, marriage or discharge" should be entitled to one tenth of his salary for the "last" school year for each month of service in that year; and for the months of his service in his former position during the school year in question up to the time of his promotion he was entitled only to the monthly one twelfth of his annual salary for his former position, not the monthly one tenth under the regulation.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated June 29, 1956.

The action was heard on a case stated by *Adlow,* C.J., who ordered judgment for the defendant. A report to the Appellate Division was dismissed and the plaintiff appealed.

*Robert J. Sherer,* for the plaintiff.
*William H. Kerr,* for the defendant.

SPALDING, J.   From September 9, 1952, to and including July 12, 1954, the plaintiff was employed by the defendant as associate director of physical education in its public schools, at an annual salary of $7,640, payable in twelve monthly instalments of $636.66.   Under the rules and regulations of the school committee the plaintiff was entitled to a vacation (in addition to certain designated holidays) of "not more than eight weeks in each calendar year, to be taken at such time or times as the superintendent shall determine."   On July 2, 1954, the superintendent designated the period from July 6 to August 30, 1954, both dates inclusive, as the plaintiff's vacation period.   On July 12, 1954, the school committee elected the plaintiff to serve as an assistant superintendent of schools for the unexpired term ending August 31, 1954, of one Corcoran who had died in office.   At the same time the school committee also elected the plaintiff to a full six year term as assistant superintendent commencing September 1, 1954.   The plaintiff accepted this new appointment and began performing his new duties on July 13, 1954.   The salary of an assistant superintendent at that time was $10,264 per year and the plaintiff was paid on that basis from July 13 to August 31, 1954.   For his services as associate director of physical education he was paid $636.66 monthly for the period between September 1, 1953, and June 30, 1954, and $254.66 for the period from July 1 through July 12.

In this action of contract the plaintiff seeks to recover the sum of $1,018.66 which represents, as he contends, the unpaid but earned balance of his salary as associate director. The case was submitted on a case stated and the judge ordered judgment for the defendant.   A report to the Appellate Division was dismissed and the plaintiff appealed.

In *Donlan* v. *Boston*, 223 Mass. 285, a teacher, who was employed by the year at a fixed salary payable in monthly instalments, died during the summer vacation after the expiration of eleven months of the school year.   An action was brought by her executrix to recover the salary for the twelfth month.   It was held that nothing was due for the

twelfth month because the contract, which was entire, was terminated by the death of the plaintiff's testatrix who had received full compensation for her services up to that time.

But the plaintiff argues that the *Donlan* case does not govern the case at bar because of § 331.1 of the rules and regulations of the school committee which, it is agreed, was in force at all times here material. That section reads in part: "Teachers, [and] members of the supervising staff . . . whose compensation is established at a fixed rate per annum, and who do not complete the school year because of death, resignation, retirement, marriage or discharge, shall be entitled to that proportion of their salary for the last school year, which shall be obtained by allowing one tenth of the annual salary for the school year for each school month in the service the last school year, except that where service ends during a month a fraction of one tenth of the annual salary for the year computed on a basis of thirty days shall be allowed for such month."

Doubtless, as counsel suggest, this regulation was adopted to overcome the effect of the *Donlan* case.[1] The plaintiff, a member of the supervising staff in the defendant's schools, was entitled to the rights conferred by § 331.1. The question, therefore, narrows down to whether he did "not complete the school year because of . . . resignation" as provided in that section.

We are of opinion that the plaintiff does not bring himself within this provision. It is clear, as the parties agree, that the plaintiff in accepting his promotion on July 12 automatically terminated his services as associate director. "By the common law, when two offices or public trusts are incompatible with each other, a person holding the one is not disqualified to be appointed or elected to the other, but his acceptance of the second office is in law an implied resignation of the first, whenever it may be resigned by the mere act of the incumbent, without the assent or concurrence of a superior authority." *Commonwealth* v. *Hawkes,* 123 Mass.

---

[1] And see G. L. c. 29, § 31, relating to teachers and supervisors employed by any school or college within any department of the Commonwealth.

525, 529–530. Thus, the plaintiff's acceptance of the higher office was in law an implied resignation of his office as associate director. Is such implied resignation a "resignation" within the purview of § 331.1? We are of opinion that it is not. The meaning of that word must be gathered from its context. It is to be noted that the section applies only to those who do not complete the school year "because of death, resignation, retirement, marriage or discharge." This connotes the idea of conduct or an event which results in a complete separation from the school system. The plaintiff did not sever his connection with the school service; rather he was promoted to a higher position in that service. There was never any interruption in his employment. The regulation (331.1) confers rights only on those "who do not complete the school year because of death," etc. Here the plaintiff *did* complete the school year in the defendant's employ, albeit in a different capacity.

We recognize that the *Donlan* case has been criticised and that some courts have refused to follow it. Williston on Contracts (Rev. ed.) § 838, note 2. *In re Wil-Low Cafeterias, Inc.* 111 F. 2d 429, 432 (2d Cir.). *In re Public Ledger, Inc.* 161 F. 2d 762, 768 (3d Cir.). We need not decide whether the *Donlan* case would now be followed, for neither it nor § 331.1 is applicable to a situation where, as here, there is a promotion in the same service for the same employer.

*Order dismissing report affirmed.*