## PATON STEWART, JR. *vs.* JOHN. C. LORING.

No action lies on an agreement, promising to pay for tuition for a specified time, if during the whole of that time the promisor was prevented by illness from attending and receiving the tuition.

CONTRACT upon the following agreement: "Boston, March 19, 1859. This is to certify that I promise to pay P. Stewart, Jr. the sum of ten dollars for tuition to the gymnasium, from Sept. 1, 1859, to Sept. 1, 1860. J. C. Loring."

At the trial in the superior court, before *Morton*, J., it appeared that during the whole time mentioned in the agreement, the plaintiff kept open a gymnasium in Boston, and was ready to furnish the use of the same, with tuition, to the defendant; but, solely by reason of illness, the defendant did not attend or use the gymnasium, or receive any tuition during that time. The judge ruled that the plaintiff was not entitled to recover. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*A. Russ*, for the plaintiff.

*J. Nickerson*, for the defendant.

DEWEY, J. The promise on the part of the defendant to pay the plaintiff the sum of ten dollars has, on the face of the written

contract, no other consideration than the receiving of instruction by the defendant at the gymnasium. This instruction was not received, and so far the consideration for the promise has failed. But if we may suppose the real purpose of the writing to have been to insure the plaintiff in advance that his school should be patronized, and that the defendant would be a pupil, then the answer, as it seems to us, might be reasonably made that the party, without any fault of his own, was from subsequent ill health rendered physically incapable of attending the gymnasium as a pupil. The parties must have acted upon the assumption of the continued ability of the promisee to give and the promisor to receive the proposed instruction.

The judgment was properly rendered for the defendant.