THEODORE L. MARVEL *vs.* FANNY W. PHILLIPS & another, executors.

Bristol.   October 22, 1894. — November 28, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & LATHROP, JJ.

*Contract — Discharge of Obligation by Death — Patent — Trust.*

A., having made a certain invention for which he had applied for letters patent, assigned the invention to B., taking from him an agreement in writing, by which B. agreed as follows : " 1. To pay all expenses of said applications and of obtaining said letters patent of the United States.   2. To manage the business for the joint benefit of both ; to advance all funds requisite, but to look to the business for repayment, but to hold full title for the benefit of both until A. shall join in a change of title, and to use all reasonable efforts to increase and supply the demand for the " invention ; " that is, to do all things which a wise and energetic owner of said patents with ample financial ability ought to do. . . . 5. I agree and bind myself and my legal representatives as above, with and to A. and his legal representatives."   There was a delay in the granting of the patents, one of them not being granted until about two years after the date of the agreement, and B. died within seven months after the last patent was granted.   *Held,* that the obligation of B. under the agreement was discharged by his death ; and that the executor of his will could not be compelled to convey the letters patent to a trustee.

APPEAL from a decree of the Probate Court, dismissing a petition for the conveyance, by the executors of the will of William H. Phillips, of certain letters patent to a trustee.   The case was heard by *Knowlton,* J., and reserved for the consideration of the full court; such decree to be entered as law and justice might require.   The facts appear in the opinion.

*J. E. Maynadier & O. R. Mitchell*, for the plaintiff.

*E. H. Bennett*, (*F. S. Hall* with him,) for the defendants.

ALLEN, J.   The plaintiff, having invented an improvement in conveyors and an improved elevator, for which he had applied for letters patent, assigned his inventions to Phillips, the defendants' testator, taking from him an agreement in writing, by which Phillips agreed: " 1.  To pay all expenses of said applications and of obtaining said letters patent of the United States.  2.  To manage the business for the joint benefit of both ; to advance all funds requisite, but to look to the business for repayment, but to hold full title for the benefit of both until Marvel shall join in a change of title, and to use all reasonable efforts to increase and supply the demand for the Marvel elevator and conveyor ; that is, to do all things which a wise and energetic owner of said patents with ample financial ability ought to do."   A later provision was as follows: " 5.  I agree and bind myself and my legal representatives as above, with and to Marvel and his legal representatives."

There was a delay in the granting of the patents, one of them not being granted till about two years after the date of the agreement; and Phillips died within seven months after the granting of the last patent.   No claim is made on the ground of any breach of agreement by Phillips during his lifetime ; but the plaintiff asks to have an order passed for the conveyance of the letters patent to a trustee, who may then seek to enforce against the executors of Phillips the agreement to advance all requisite funds.   The executors, on the other hand, have always been ready and willing to reconvey to the plaintiff any interest they might have in the patents, and have in fact tendered to him such conveyance ; but this the plaintiff does not wish to accept, unless the conveyance is made to him as trustee, thus recognizing the existence and continuance of a trust.

Without dwelling upon other objections, we are of opinion that the plaintiff is not entitled to such a conveyance as he seeks, because the obligation of Phillips under the agreement was discharged by his death.   The chief undertakings were personal in their character.   He was to endeavor to create a profitable business under the patents, and to manage it, to advance funds for the repayment of which he was to look solely to the business,

to use all reasonable efforts to increase and supply the demand for the elevator and conveyor, and to do all things which a wise and energetic owner of said patents with ample financial ability ought to do.  This implies personal skill, attention, and ability of a high order.  The amount of money required to be advanced is not stated, but obviously it would be considerable.  Ample financial ability is called for by the contract.  The different parts of the agreement are not separable.  Phillips was to advance all funds requisite, but was to look to the business for repayment.  Accordingly, it is frankly conceded by the counsel for the plaintiff, that, if the duties of Phillips were of such a character that they did not descend to his executors, his obligation to furnish money would not descend.

A contract to render such services and perform such duties is subject to the implied condition that the party shall be alive and well enough in health to perform it.  Death or a disability which renders performance impossible discharges the contract.  Neither Phillips nor his estate is bound to furnish a substitute, nor is the plaintiff bound to accept one.  There are many cases where this doctrine is illustrated, some of which may be cited.  *Stewart* v. *Loring*, 5 Allen, 306.  *Harrison* v. *Conlan*, 10 Allen, 85.  *Wells* v. *Calnan*, 107 Mass. 514.  *Eliot National Bank* v. *Beal*, 141 Mass. 566, 570, and cases there cited.  *Butterfield* v. *Byron*, 153 Mass. 517.  *Spalding* v. *Rosa*, 71 N. Y. 40.  *People* v. *Globe Ins. Co.* 91 N. Y. 174.  *Dickey* v. *Linscott*, 20 Maine, 453.  *Yerrington* v. *Greene*, 7 R. I. 589.  *Shultz* v. *Johnson*, 5 B. Mon. (Ky.) 497.  *Poussard* v. *Spiers*, 1 Q. B. D. 410.  See also Pollock, Con. (Wald's ed.) 368, 373–378.

There is nothing in the terms of this contract to show that, in case of the death of Phillips, the parties intended that his executors should assume to carry on the business.  The final provision, which is chiefly relied on, " I agree and bind myself and my legal representatives as above," does not bind his executors to do anything from which he himself was discharged.  It does not provide for a substituted performance in case of his death ; but if he fails to perform anything covered by his agreement, then the executors are bound, as he is, to make good the loss.  He might select such person for executor as he chose.  Suppose he should appoint a woman unused to business, and

entirely incompetent to create and carry on such an enterprise as that contemplated; if she is bound to assume the duties which by the contract he undertook, then the plaintiff is bound to accept her in place of Phillips, unless he could succeed in procuring her removal. The result would be, that not only would the estate of Phillips be tied up and exposed to hazard for an indefinite time, but the plaintiff's interests might be sacrificed by reason of Phillips's appointment of an unsuitable executor. It would require explicit words to show that parties entering into a contract like this intended that executors should perform the duties undertaken by Phillips. Even in the case of a partnership, a provision for continuing a partner's interest after his death must be clear and unambiguous. *Bacon* v. *Pomeroy*, 104 Mass. 577, 585. *Burwell* v. *Mandeville*, 2 How. 560, 577. *Smith* v. *Ayer*, 101 U. S. 320, 329, 330. *Kirkman* v. *Booth*, 11 Beav. 273, 280. Story, Part. (7th ed.) § 319 *a.*

The plaintiff's petition must be dismissed, but without prejudice to a new bill to compel the conveyance of the patents to the plaintiff, in case the defendants should hereafter refuse to make such conveyance.                        *So ordered.*