### JOSEPH C. GROFF v. FREDERICK HERTENSTEIN.

CONTRACT FOR BOARD AND TUITION FOR A GIVEN TIME MAY BE DISCHARGED AS TO PART OF TIME BY ILLNESS OF PUPIL INCAPACITATING HIM FROM ATTENDING SCHOOL.

Illness of a pupil, incapacitating him from attending school during the last half of a year for which his father had contracted for his board and tuition at an agreed price for the school year, paying in advance for the first half, is an occurrence over which the parties had no control as an act of God. Both parties will be deemed to have acted upon the assumption that if any such event intervened the agreement for the full year would be discharged; hence, no recovery can be had for board and tuition of such pupil for the last half of such year.

ERROR to Hamilton common pleas court.

C. P. Johnson, for plaintiff in error.
F. M. Coppock, for defendant in error.

SMITH, J.

The plaintiff in error in his petition claimed that the defendant. in error had placed his son in his school for one year and had agreed to pay to him for tuition and board for that year $1,200; that of this. amount $600 has been paid and there was still due from the defendant in error the remaining sum, $600.

The defendant in error denied this agreement and claimed that the contract was for the first part of the school year from September 30, 1907, to January 31, 1908, for which he had paid plaintiff in error said $600. He also set up as a defense that he did not return his son to. the school of plaintiff for the latter part of the year for the reason that. by an act of God, to wit, the serious illness of his son, he had been prevented from sending him; and thereby the contract was discharged,. if it was for a full year.

Whatever the contract was between the parties, whether for the entire school year or for a shorter period, it is apparent that the same was not in writing and had to be determined by the jury from all the facts, words, acts, conduct and circumstances surrounding the parties. at the time. Both questions as to what the contract was and whether

the contract was discharged by act of God were submitted to the jury and a verdict returned in favor of the defendant.

If the sole question had been before the jury as to what the contract was between the parties then the case might easily be disposed of, but the second defense having been interposed, it is difficult to say which defense or whether both defenses were found in favor of defendant in error by the jury.

We think there was no error in the court refusing the three special charges asked by plaintiff in error; the latter two of which relate to the question as to whether or not the contract was suspended or discharged by the illness of defendant's son.

The evidence clearly shows that the son was not returned to school by defendant in error on account of his serious illness. This was something over which neither plaintiff nor the defendant had control and such an occurrence must have been in the minds of the parties at the time the agreement was made if it was made for one full school year. They both must have acted upon the assumption that if any such event intervened whereby the boy was rendered physically incapable of attending the school, then the agreement for the full school year would be discharged. Death or a disability which renders performance impossible discharges the contract. *Marvel* v. *Phillips*, 162 Mass. 399 [38 N. E. Rep. 1117; 26 L. R. A. 416; 44 Am. St. Rep. 370]; *Stewart* v. *Loring*, 87 Mass. 306 [81 Am. Dec. 747].

We do not think the authorities cited by plaintiff in error are applicable to the case at bar, but believe the rule as laid down in the above cases, and in our conclusion herein, to be the more reasonable. We find no error in the record and the judgment of the court is therefore affirmed.

**Swing** and **Giffen, JJ.**, concur.