### CONSTRUCTION OF CONTRACT FOR SCHOOLING.

Circuit Court of Hamilton County.

JOSEPH C. GROFF v. FREDERICK HERTENSTEIN.

Decided, January 29, 1910.

*Schools—Pupil Taken Ill in the Middle of the School Year—Construction of Contract as to Whether Parent Could be Held for Charges for the Entire Year.*

Where a parent sends his son to a school under a contract with the principal of such school, and pays the tuition for part of the year at the time the son enters—*Held:*

1. Whether the contract be for the entire school year or for a shorter
   period must be determined from all the facts, words, acts, conduct
   and circumstances surrounding the parties at the time.
2. If the contract be for the entire school year it may be discharged
   by the son becoming disabled by illness from attending the full
   year; both parties must be deemed to have acted on the assumption
   that, if such an event intervened, the agreement for the full school
   year would be discharged.

*Clyde P. Johnson,* for plaintiff in error.
*Frank M. Coppock,* contra.

SMITH, J.; SWING, J., and GIFFEN, J., concur.

The plaintiff in error in his petition claimed that the defendant in error had placed his son in his school for one year and had agreed to pay to him for tuition and board for that year $1,200; that of this amount $600 has been paid and there was still due from the defendant in error the remaining sum, $600.

The defendant in error denied this agreement and claimed that the contract was for the first part of the school year from September 30, 1907, to January 31, 1908, for which he had paid plaintiff in error said $600. He also set up as a defense that he did not return his son to the school of plaintiff for the latter part of the year for the reason that by an act of God, to-wit, the serious illness of his son, he had been prevented from sending him; and thereby the contract was discharged, if it was for a full year.

Whatever the contract was between the parties, whether for the entire school year or for a shorter period, it is apparent that the same was not in writing and had to be determined by the jury from all the facts, words, acts, conduct and circumstances surrounding the parties at the time. Both questions as to what the contract was and whether the contract was discharged by act of God were submitted to the jury and a verdict returned in favor of the defendant.

If the sole question had been before the jury as to what the contract was between the parties then the case might easily be disposed of, but the second defense having been interposed, it is difficult to say which defense or whether both defenses were found in favor of defendant in error by the jury.

We think there was no error in the court refusing the three special charges asked by plaintiff in error; the latter two of which relate to the question as to whether or not the contract was suspended or discharged by the illness of defendant's son.

The evidence clearly shows that the son was not returned to school by defendant in error on account of his serious illness. This was something over which neither plaintiff nor the defendant had control and such an occurrence must have been in the minds of the parties at the time the agreement was made if it was made for one full school year. They both must have acted upon the assumption that if any such event intervened whereby the boy was rendered physically incapable of attending the school, then the agreement for the full school year would be discharged. Death or a disability which renders performance impossible discharges the contract. *Marvel* v. *Phillips,* 162 Mass., 399; *Stewart* v. *Loring,* 5 Allen, 306.

We do not think the authorities cited by plaintiff in error are applicable to the case at bar, but believe the rule as laid down in the above cases, and in our conclusion herein, to be the more reasonable. We find no error in the record and the judgment of the court is therefore affirmed.