SAMUEL R. CUTLER, administrator, *vs.* UNITED SHOE MACHINERY CORPORATION.

Suffolk. January 15, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, & SANDERSON, JJ.

*Contract,* Construction, Termination, Performance and breach, Of employment. *Death. Executor and Administrator.*

By a contract in writing, made in 1918 between an inventor and a corporation manufacturing machinery to continue for three years "and thereafter until such time as either party thereto should give to the other thirty days' notice of termination," the inventor, for the payment to him of a stipulated salary, sold and assigned to the corporation in substance any and all inventions and improvements relating to or designed or adapted for use in machinery manufactured by the corporation, and covenanted and agreed that he would promptly disclose them to the corporation, would repeat such disclosures when and as often as requested, and at any and all times upon request would, and his heirs, executors and administrators should perform or cause to be performed and executed any and all such acts and documents in such manner and form as the corporation or its counsel should deem proper to obtain the grant of and confirm in the defendant title to letters patent in this country and abroad. No notice of termination of the contract was given. The inventor died in 1925. The stipulated salary was paid to the time of his death. For three years after his

death, the administrator of his estate at the request of the corporation executed documents of the character described in the contract and thereafter as administrator brought an action of contract against the corporation with a declaration in two counts, the first for alleged breach of the contract, and the second upon an account annexed for the services performed after the inventor's death. *Held,* that

(1) Upon the death of the intestate, the contract for personal service terminated; it was fully performed by him, and the obligation of the defendant was fully discharged by the payment of the stipulated salary due at that time;

(2) The obligation to execute documents to secure letters patent and to confirm the corporation's title thereto by the express terms of the contract rested upon the inventor during his lifetime, and continued after his death on his personal representative;

(3) As the services rendered by the plaintiff were required by the terms of the contract, and as compensation therefor was included in the salary paid, it followed that the plaintiff was not entitled to recover under either count of the declaration.

CONTRACT, with a declaration described in the opinion. Writ dated April 6, 1929.

In the Superior Court, the action was heard by *Gray,* J., without a jury, upon an agreed statement of facts. Material facts and rulings by the judge are stated in the opinion. The bill of particulars marked exhibit B, referred to in the opinion, disclosed that services by the plaintiff, for which he was seeking compensation, were performed during the years 1925–1928. There was a finding for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*S. R. Cutler,* for the plaintiff.

*W. B. Farr & D. T. Cope,* for the defendant.

CROSBY, J. This is an action of contract brought by the plaintiff as administrator of the estate of Frederick M. Furber. The declaration is in two counts, the first for the alleged breach of a written contract of employment entered into between the plaintiff's intestate and the defendant, the second for the recovery of compensation for work and labor alleged to have been performed by the plaintiff at the request of the defendant.

The case was tried before a judge of the Superior Court, without a jury, upon an agreed statement of facts which, in substance, so far as material to the issues to be de-

cided, is as follows: The plaintiff is the duly appointed and qualified administrator of the estate of Frederick M. Furber. The defendant is a corporation engaged in the business of manufacturing and dealing in shoe machinery and various materials and supplies for the manufacture of shoes, and carries on such business throughout the United States and in all parts of the world where the manufacture of shoes by the use of machinery exists. It maintains and employs a corps of inventors who are engaged in inventing and devising new and useful improvements in machinery, devices, mechanisms, appliances and other things for use in the manufacture of shoes. The plaintiff's intestate was employed by the defendant as one of such inventors, and on January 1, 1918, entered into a written contract with the defendant, a copy of which is annexed to the plaintiff's declaration and marked Exhibit A. Furber died on April 25, 1925. The contract provided for his employment for a period of three years from January 1, 1918, " and thereafter until such time as either party thereto should give to the other thirty days' notice of termination," at a salary of $4,500 per annum, payable in equal monthly instalments. No notice of termination was ever given, and the contract was in full force and effect at the date of the death of Furber, except that by mutual agreement his salary was increased to $5,000 a year on January 1, 1919, and was payable in monthly instalments, and on October 1, 1919, it was further increased to $6,000 a year, payable in monthly instalments of $500 each. During the lifetime of Furber the defendant paid him the stipulated salary at the rates provided in the contract as subsequently modified, and at his death paid the instalment of $500 for the month of April, 1925, to the plaintiff as administrator of his estate.

It is agreed that " By the terms of said contract the said Furber sold and assigned to the defendant any and all inventions and improvements relating to or designed or adapted for use in machinery, tools, mechanisms, appliances, devices, findings, materials, supplies, methods, processes or things relating or pertaining to or designed

or adapted for use in or in the manufacture of foot-
wear, which the said Furber might make or acquire during
the term of his employment, and the said Furber cove-
nanted and agreed that he would promptly disclose to the
defendant, its officers, attorneys, or patent solicitors, all
such inventions and improvements, would repeat such dis-
closures when and as often as requested, and that at any
and all times upon request he would, and his heirs, exec-
utors and administrators should perform or cause to be
performed any and all such acts and execute or cause to
be executed any and all such applications, specifications,
powers of attorney, assignments and other instruments in
such manner and form as the defendant or its counsel
should deem proper to obtain the grant of Letters Patent
of the United States and of any and all other countries
where the defendant might desire to obtain Letters Patent
covering such inventions and improvements, and to fully
and completely vest and confirm in the defendant or its
nominees the full and complete right, title and interest in,
to and under all such Letters Patent and to enable the
defendant to secure and enjoy the full benefits and ad-
vantages thereof."

It is also agreed that Furber while employed under the
contract made various inventions in shoe machinery,
mechanisms, devices, methods and processes and disclosed
them to the defendant. Upon some of such inventions no
grant of letters patent had been obtained at the time of
his death, and for the purpose of obtaining such letters
patent of the United States and foreign countries it was
necessary and desirable in the opinion of counsel for the
defendant, and in accordance with the practice of various
patent offices, to file therein certain applications, specifi-
cations, powers of attorney, assignments and other instru-
ments. Accordingly such documents were prepared and
presented to the plaintiff, as administrator of the estate
of Furber, for execution. The plaintiff examined such
documents and at the request of the defendant duly ex-
ecuted them. A list of such documents so presented by
the defendant and executed by the plaintiff is set forth

in the bill of particulars annexed to the declaration and is marked Exhibit B. No compensation was paid by the defendant to the plaintiff for the examination and execution of these documents, and no sum has been paid by the defendant to the plaintiff except $500 as salary of the intestate for the month of April, 1925, above referred to.

At the close of the evidence the plaintiff requested the judge to rule (1) that upon all the evidence the plaintiff was entitled to a verdict for the amount of the compensation set forth in the contract between the defendant and the plaintiff's intestate; (2) that upon all the evidence the plaintiff is entitled to recover reasonable compensation for the work and labor described in the second count of the declaration. These requests were refused subject to the plaintiff's exception. At the request of the defendant the judge ruled, in substance, (1) that upon the pleadings and proofs the plaintiff is not entitled to recover under either count of the declaration; (2) that under the provisions of the contract the plaintiff as administrator was obligated to execute the documents referred to in the bill of particulars, and is not entitled to recover compensation therefor; (3) that " By the death of the plaintiff's intestate his employment ceased and the defendant was discharged from the obligation to pay salary thereafter, but the obligation imposed upon the administrator of his estate to execute 'applications, specifications, powers of attorney, assignments and other instruments, in such manner and form as the defendant or his counsel should deem proper to obtain the grant of Letters Patent of the United States and of other countries, covering the inventions and improvements' made or acquired by said Furber in his lifetime continued in full force and effect." To the rulings so granted the plaintiff excepted. The trial judge found for the defendant.

The first question for decision is whether the contract remained in force after the death of the plaintiff's intestate or was thereby terminated. The terms of the contract are clearly expressed and free from ambiguity. It is apparent that the services which the intestate was called

upon to render were of a highly technical character; they involved his personal skill and inventive genius, and required powers of invention and origination which his administrator did not possess. The employment of the plaintiff's intestate was terminated by his death. See *Drummond* v. *Crane*, 159 Mass. 577, 578. "Whenever such a question arises it is of course necessary to examine the language of the contract, and to ascertain the circumstances surrounding the parties at the time of its execution; and while there are certain general rules applicable to the matter, still each case must be decided upon its own peculiar facts." *Brown* v. *Cushman*, 173 Mass. 368, 371. For the services rendered by the plaintiff's intestate under such employment, and for the performance by him of his agreements intended to secure to the defendant the benefits of the inventions of the intestate and to vest the title to such inventions in the defendant, the latter agreed to pay a stipulated salary "during the continuance of the employment." In view of the character of the services which the intestate was obligated to perform it is manifest that his employment was terminated by his death. As was said in *Marvel* v. *Phillips*, 162 Mass. 399, at page 401: "A contract to render such services and perform such duties is subject to the implied condition that the party shall be alive and well enough in health to perform it. Death or a disability which renders performance impossible discharges the contract. Neither Phillips nor his estate is bound to furnish a substitute, nor is the plaintiff bound to accept one." *Mills* v. *Smith*, 193 Mass. 11, 17. *Browne* v. *Fairhall*, 213 Mass. 290. *Donlan* v. *Boston*, 223 Mass. 285.

Upon the death of the intestate in the case at bar, the contract for personal service was fully performed by him, and the obligation of the defendant fully discharged by the payment of the stipulated salary due at the time of the death of the intestate. By the terms of the contract the latter agreed that he would "promptly disclose to the defendant, its officers, attorneys, or patent solicitors, all such inventions and improvements, . . . and that at any and all times upon request he would, and his heirs, exec-

utors and administrators should perform or cause to be performed any and all such acts and execute or cause to be executed any and all such applications, specifications, powers of attorney, assignments and other instruments in such manner and form as the defendant or its counsel should deem proper to obtain the grant of Letters Patent of the United States and of any and all other countries where the defendant might desire to obtain Letters Patent covering such inventions and improvements" and to vest in the defendant or its nominees the full and complete right, title and interest in and to all such letters patent. This obligation by the express terms of the contract rested upon Furber during his lifetime, and continued after his death in his personal representative. In the present case, even in the absence of such express stipulation, the law would imply such an obligation which could be enforced in a court of equity. *Somerby* v. *Buntin,* 118 Mass. 279. *Adams* v. *Messinger,* 147 Mass. 185. *Marvel* v. *Phillips, supra. Brown* v. *Cushman, supra.* As the services rendered by the plaintiff were required by the terms of the contract, and as compensation therefor was included in the salary paid, it follows that the plaintiff is not entitled to recover under either count of the declaration.

*Exceptions overruled.*