SHAWSHEEN DAIRY, INC. *vs.* JOSEPH D. KEEFE.

Essex.   May 7, 1940. — September 17, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Contract*, Of employment, Performance and breach. *Equity Jurisdiction*, To enforce employee's covenant not to compete.

A purchaser of a milk route, who, in lieu of payment therefor in money, made a contract with the seller whereby he promised to employ the seller for two years at a specified weekly salary to do such work as the employer might designate from time to time, was not bound to pay the salary while the employee through injury was totally disabled or unable to do the kind of work assigned to him by the employer; and, upon the employee's leaving the employment because of the employer's refusal to pay the salary in such circumstances, the employer was entitled to an injunction enforcing a promise by the employee not to compete contained in the contract of employment.

BILL IN EQUITY, filed in the Superior Court on December 9, 1939.

The plaintiff in the bill sought injunctive relief against violation by the defendant of his agreement, described in the opinion, not to compete with the plaintiff.

After confirmation of a master's report, a final decree dismissing the bill was entered by order of *Morton*, J., from which the plaintiff appealed.

*W. C. Ford*, (*S. J. Basil* with him,) for the plaintiff.
*H. F. Collins*, for the defendant.

LUMMUS, J.  The plaintiff is a retail dealer in milk in Andover and Lawrence, delivering milk in trucks to customers on "routes."   On October 22, 1937, when selling his milk route and delivery truck to the plaintiff and entering its employ, the defendant made a written contract with the plaintiff, by which the plaintiff was to hire the defendant "to attend to and perform such services in and about its said business as it may hereafter from time to time designate" and was to pay the defendant "during the time he may remain in its employ the sum of" $40 a week. The defendant agreed "that for a period of eighteen (18) months from the date of his discharge from or leaving the employ of the . . . [plaintiff] he will not conduct in his own name or behalf, or as a partner, employee, servant or agent of any person, firm, or corporation, within a distance of five miles from any territory or locality where he has at any time been employed by the . . . [plaintiff], any competitive business, or do anything in competition with the business of the . . . [plaintiff], nor in said territory or locality, nor within five miles of the same, endeavor to take away from the . . . [plaintiff] the trade of any customer with whom he has had dealings as an employee of the . . . [plaintiff], nor seek in any way to injure or impair the business of the . . . [plaintiff]."   It was agreed that the employment should continue for twenty-four months at least.

The work to which the defendant was assigned was delivering milk with a truck on a "route."   In January, 1939, he slipped on ice on the running board of a truck and suffered an injury to his back because of which he could not work for eight weeks.  Returning to work, in about three weeks he suffered an injury in the same place while lifting a case of milk.  He was disabled until June, 1939, and received workmen's compensation.  Still partially disabled, he then informed the plaintiff that he was ready to return to work, but that the work must be light work.  He claimed for the period of his disability the difference between compensation payments of $18 a week and his regular pay of $40 a week.

The plaintiff "answered the defendant by letter to the effect that his present position was still open pending his desire to return to work and that the defendant was entitled to the contract rate of forty dollars per week only when he performed services designated by the plaintiff. The plaintiff did not offer employment of a lighter nature to the defendant and refused to pay the defendant the difference between forty dollars and the amount received from the insurance company."

The defendant then started a milk route of his own in Lawrence in the same locality where he had formerly conducted the milk route that he sold to the plaintiff and where he had later worked for the plaintiff. He secured about ten customers, seven of whom had been customers of the milk route that he sold to the plaintiff and later were customers of the plaintiff.

Upon the foregoing facts, which appear in a master's report, the bill was dismissed with costs, and the plaintiff appealed.

The written contract did not provide for payment in money for the truck and milk route bought by the plaintiff. The defendant could not operate his milk route unless he remained physically able, and he was willing to accept a contract of employment as consideration for the transfer. All that the plaintiff gave him was a contract of employment. The nature of the business called for the exertions of an able-bodied man. There is nothing to show that there was any light work that the defendant could have been given. The plaintiff promised only to employ the defendant in such work as the plaintiff might "from time to time designate."

The services due from the defendant could be rendered only so long as he was of sufficient bodily capacity. Inability to perform those services was a sufficient excuse for nonperformance of the contract on his part or on the part of the plaintiff. *Johnson* v. *Walker*, 155 Mass. 253. *Marvel* v. *Phillips*, 162 Mass. 399, 401. *O'Connor* v. *Briggs*, 182 Mass. 387. *Donlan* v. *Boston*, 223 Mass. 285. *Tucker* v. *Boston*, 223 Mass. 478, 481. *Donoghue* v. *Holyoke Street*

*Railway*, 246 Mass. 485, 493, 494. *Stearns* v. *Blevins*, 262 Mass. 577. *Kowalski* v. *Aetna Life Ins. Co.* 266 Mass. 255, 261. *Cutler* v. *United Shoe Machinery Corp.* 274 Mass. 341. *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, 582-583. *Hathaway* v. *Cronin*, 301 Mass. 419. Williston, Contracts (Rev. Ed.) § 1940. In fact the relation of employer and employee was terminated by the defendant. When that was done the defendant for eighteen months was bound by his written agreement not to compete with the plaintiff. The defendant violated that agreement, and the plaintiff is entitled to relief.

*Decree reversed.*
*Decree for plaintiff, with costs.*