MARY A. RAYNER *vs.* MARY SHEA McCABE, executrix.

Middlesex.   January 7, 1946. — March 7, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Deed*, Cancellation.   *Equity Jurisdiction*, Cancellation.   *Contract*, Performance and breach, Personal service, Consideration.

A bill in equity against an executor, to set aside as invalid a deed of the plaintiff purporting to convey back to the defendant's testate the testate's dwelling house as part of a transaction in which the testate had executed a deed of the dwelling house to the plaintiff on consideration that the plaintiff would live with her and care for her, could not be maintained where it appeared that, even if the deed sought to be cancelled was invalid, the plaintiff never lived with the testate nor rendered her any personal service.

BILL IN EQUITY, filed in the Superior Court on November 20, 1944.

The case was heard by *Brogna*, J.   His conclusions of fact were as follows: "I find that the deceased [Nellie A. Shea] did not intend to convey any present beneficial interest in the property to the plaintiff at the time that she executed the deed; that she intended to retain the right to divest her of the record title at will; that the plaintiff failed to carry out her part of the arrangement."   By his order a final decree was entered dismissing the bill.

*W. H. McLaughlin*, for the plaintiff.

*T. H. Bilodeau*, (*J. J. Reagan, Jr.*, with him,) for the defendant.

RONAN, J.   This is a bill in equity to set aside a deed from the plaintiff to Nellie A. Shea, the defendant's testatrix, and to have the plaintiff adjudged to be the owner of the premises described in said deed.   The plaintiff appealed from a final decree dismissing the bill.

The evidence has been reported, and all questions of law, fact and discretion are open for our decision.   The plaintiff challenges the correctness of some of the findings made by the judge.   We accept findings made upon oral evidence

unless they are shown to be plainly wrong; and we can find for ourselves from the evidence facts in addition to those expressly found by the judge. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176. *Cooperstein* v. *Bogas*, 317 Mass. 341.

We summarize the material facts, as shown by the record, as follows: The testatrix, Nellie A. Shea, a single woman, occupied one of the apartments in her two-apartment house in Belmont for many years prior to December 29, 1942. In the fall of 1942 she began to share her apartment with another family, whose conduct annoyed her and caused her considerable physical and mental distress. She was ill, suffering from a heart ailment, which, however, was not severe enough to confine her to her home. She had attempted unsuccessfully to have this family leave her apartment. Miss Shea had talked with the plaintiff, her niece, on various occasions with reference to having the plaintiff, who was a widow, living alone, come to live with Miss Shea and take care of her. Miss Shea agreed to convey the Belmont property to her if the plaintiff would come to live with her and care for her and, in the event a transfer of the property was made, the plaintiff was to execute a deed conveying the property back to her aunt, who was to hold this deed and record it when she desired. The plaintiff and Miss Shea visited an attorney on December 24, 1942, for the purpose of having ejected the family living in Miss Shea's apartment and also of carrying out the agreement with reference to having the plaintiff live with and care for her aunt. Miss Shea executed a deed conveying the property to the plaintiff, and the plaintiff signed a blank form of a deed, which the attorney was to fill in and deliver to Miss Shea. Both documents were left with the attorney. He recorded the deed from Miss Shea to the plaintiff on January 2, 1943, but he neglected to carry out the instructions given to him to complete the deed from the plaintiff to her aunt until sometime in May, 1943, and he then recorded this deed. Miss Shea became seriously ill on December 29, 1942, and was taken to a hospital, and shortly thereafter, having become insane, she was committed to another hospital for mental

diseases where she died on January 22, 1944. The plaintiff never lived with her aunt, although she took up her residence in the aunt's apartment after the latter had gone to the hospital. Miss Shea died testate. The defendant is the executrix named in the will, which also gave her the power to sell the Belmont property. In view of the conclusion we reach, it is unnecessary to decide whether the devisees should be made parties.

The plaintiff was required by her contract to live with her aunt and to render personal services to her; but before the plaintiff had done so, the aunt had been taken to a hospital, and any performance by the plaintiff of her contract then became impossible and the contract terminated on the death of the aunt. *Stewart* v. *Loring*, 5 Allen, 306. *Marvel* v. *Phillips*, 162 Mass. 399. *Browne* v. *Fairhall*, 213 Mass. 290. *Stearns* v. *Blevins*, 262 Mass. 577. *Cutler* v. *United Shoe Machinery Corp.* 274 Mass. 341. The plaintiff admitted that she never lived with her aunt. The judge was not required to believe that the plaintiff visited her aunt after the execution of the deed, or that she cared for her aunt, or that she did not go to live with her aunt because there was no room there. The judge properly found that the plaintiff failed to perform her contract. That finding, construed in the light of the evidence, is equivalent to a finding that there was an entire failure of consideration for the conveyance to the plaintiff. The aunt required care and assistance, and she looked to the actual performance of services by the plaintiff rather than to her promise to render such services. *Banionis* v. *Lake*, 289 Mass. 146. *Zlotnick* v. *McNamara*, 301 Mass. 224. *McFaden* v. *Nordblom*, 307 Mass. 574.

The plaintiff, in the absence of any conveyance back to her aunt, would show no right to hold the property free from any claim of the estate or devisees of her aunt to recover the value of the property. The plaintiff contends that the transfer back was invalid. If we assume it was, the plaintiff would not own the property free from any obligation to reimburse the estate or devisees for its value. One who has paid money to another under a contract which

the latter has failed to perform, or which had terminated because performance became impossible, has the right to recover such payments, *Thompson* v. *Gould*, 20 Pick. 134, *Hawkes* v. *Kehoe*, 193 Mass. 419, *Cochrane* v. *Forbes*, 257 Mass. 135; and one who has conveyed land or other property to another in pursuance of an oral contract, which the other party has failed to perform and cannot be compelled to perform because the contract is within the statute of frauds, is entitled to recover the value of the property conveyed, *Dix* v. *Marcy*, 116 Mass. 416, *Cromwell* v. *Norton*, 193 Mass. 291, *Kemp* v. *Kemp*, 248 Mass. 354. On account of the peculiar nature of a contract to support and care for a grantor, it has been held in many jurisdictions that, upon a material breach by the grantee, the grantor is entitled to have the deed cancelled, and in other jurisdictions specific restitution has been made by compelling the grantee to transfer the property to the grantor. The defendant seeks no affirmative relief, and the question as to what remedy would be available, if she did, is not presented. See Am. Law Inst. Restatement: Contracts, § 354; Williston, Contracts (Rev. ed.) § 1456; 112 Am. L. R. 670, and cases cited; 9 Am. Jur., Cancelation of Instruments, § 31.

The plaintiff must prove that under the contract with her aunt she is entitled to the ownership of the property. To prevail she must depend upon the strength of her own case and not upon the weakness of the defendant's case. She is seeking a decree in equity which, if granted, would put her in the same position as if she had fully performed her contract. But a court of equity will not enforce a contract that would give a plaintiff an unfair or inequitable advantage, or aid one who has committed a material breach of the contract, or give relief to one who cannot furnish or has failed to furnish the consideration required by the contract. *Rice* v. *D'Arville*, 162 Mass. 559. *Snow* v. *Blount*, 182 Mass. 489. *Garcin* v. *Pennsylvania Furnace Co.* 186 Mass. 405, 411. *Banaghan* v. *Malaney*, 200 Mass. 46. *Rudnick* v. *Murphy*, 213 Mass. 470. *Goyette* v. *C. V. Watson Co.* 245 Mass. 577, 590. *Economy Grocery Stores*

*Corp.* v. *McMenamy*, 290 Mass. 549. *Leventhal* v. *Jennings*, 311 Mass. 622. *Gavina* v. *Smith*, 25 Cal. (2d) 501. *Gardner* v. *Thomas R. Sharp & Sons*, 279 Mich. 467. *Pike* v. *Pike*, 100 N. J. Eq. 486. *Jayne* v. *Cortland Water Works Co.* 107 App. Div. (N. Y.) 517. *Monaghan* v. *May*, 242 App. Div. (N. Y.) 64. *Beagan* v. *Citizens Savings Bank*, 70 R. I. 170. *Montana Water Co.* v. *Billings*, 214 Fed. 121. 4 Am. L. R. 44, 73.

In view of the conclusion we reach, it is not necessary to decide whether the plaintiff by accepting the deed from her aunt is estopped to deny the validity of the blank instrument which she signed at the time the aunt executed her deed, where both deeds were parts of the same transaction and where it is plain that the aunt did not intend to part irrevocably with her property. *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286. *McLearn* v. *Hill*, 276 Mass. 519. *State Street Trust Co.* v. *Lawrence Manuf. Co.* 284 Mass. 355. *Levin* v. *Rose*, 302 Mass. 378.

*Decree affirmed.*