MARY J. COLLINS *vs.* JOHN J. KEEFE & others.

Middlesex.   February 8, 1955. — March 8, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Contract*, For personal service, What constitutes, Construction.   *Deed*,
   Condition, Cancellation.   *Equity Pleading and Practice*, Interlocutory
   decree, Appeal, Demurrer, Bill.

By accepting from a husband and wife a deed conveying real estate upon
   the express condition that the "grantees shall furnish such nursing
   and other services as may be reasonably required by the grantors,"
   the grantees were bound to furnish nursing and care reasonably re-
   quired, and, where it appeared in a suit in equity by the wife that the
   grantees had rendered practically none of the services required by her
   over a substantial period following her husband's death and that the
   grantees had mortgaged the premises to a straw for their attorney,
   who had notice of the condition in the deed and of the plaintiff's claims
   for breach thereof, a decree adjudging the deed and the mortgage null
   and void and ordering the grantees to reconvey the premises to the
   plaintiff was proper.   [377]
The correctness of an interlocutory decree overruling a demurrer to a
   bill in equity, not appealed from, was open on an appeal from a final
   decree in the plaintiff's favor.   [377–378]
In a deed by two grantors conveying real estate on the express condi-
   tion that "the grantees shall furnish such nursing and other services
   as may be reasonably required by the grantors," a further provi-
   sion that "any action for breach of . . . [such condition] shall be
   brought within ninety days after the death of the . . . survivor of the
   grantors" meant that no action should be brought more than ninety
   days after the death of the survivor and did not make premature an
   action commenced during his life.   [378]
A bill in equity praying that a deed from the plaintiff to two of the de-
   fendants be cancelled and that they be ordered to reconvey the prop-
   erty was not multifarious in that it sought also to remove as a cloud
   on the plaintiff's title a mortgage given by the two defendants to
   another defendant.   [378]
Res judicata not disclosed by the allegations in a bill in equity was a
   defence which must be set up by plea or answer and was not a proper
   ground of demurrer.   [379]

BILL IN EQUITY, filed in the Superior Court on May 28,
1952, for cancellation of a deed and a mortgage and for other
relief.

A demurrer was overruled by *Smith, J.*, and the suit was heard on the merits by *Forte, J.*

In this court the case was submitted on briefs.

*Edward E. Cohen,* for the defendants.

*George L. Wilson,* for the plaintiff.

RONAN, J. This is an appeal from a decree adjudging that a mortgage given by the defendants Keefe to the defendant Lillian Cohen and a deed given by the plaintiff and her husband, tenants by the entirety, to the said defendants Keefe are null and void, and ordering the two last named defendants to reconvey the premises to the plaintiff, the surviving tenant. The suit is here with portions of the transcript of the evidence designated by the parties in accordance with Rule 2 (B) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693, and with a report of the material facts made by the trial judge.

The plaintiff and her husband were the owners, as tenants by the entirety, of a duplex house in Newton. He was in poor health [1] and was cared for by his wife. She became apprehensive that in case of his death she would be left alone with no one to aid her and administer to her wants, if that should become necessary, and so this aged couple arranged to convey to John J. Keefe and Helen Keefe, his wife, the premises, reserving to themselves during their respective lives the half of the house which they occupied. The plaintiff and her husband conveyed their property to the Keefes by deed dated September 22, 1949, which was upon the express conditions that the grantors shall have the right to occupy, "rent free, the apartment in which they now reside, for and during the terms of their natural lives," and that the "grantees shall furnish such nursing and other services as may be reasonably required by the grantors."

The defendant Mr. Cohen is an attorney for the defendants Keefe, and the husband of the defendant Lillian Cohen to whom the Keefes gave a mortgage on April 20, 1951, upon the said premises. She was acting as a straw for

---

[1] Collins died October 6, 1949. Mrs. Collins at the time of the trial in 1953 was seventy-eight years of age.

her husband who had notice of the conditions contained in the deed and of the claims of the plaintiff. The plaintiff sustained a fracture of the hip on March 3, 1951, and after being confined in a hospital for nearly a month she stayed at her brother's home for five months. She made a written demand for the Keefes to pay her nursing bills, and when the Keefes saw her in response to her letter, she told them to see her lawyer. She was treated in October, 1951, for a respiratory infection and in September, 1952, for arthritis and for hypertension. She was again confined in a hospital from October 28 to November 19, 1952. She was last confined in a hospital in March, 1953. During these periods at the hospital she required nursing care and attention. Mrs. Keefe never rendered any nursing services and her husband seems to have done little more than a few chores. The plaintiff at times subsequent to the conveyance occupied her own apartment.

The defendants Keefe upon acceptance of the deed were bound to comply with its terms and furnish the nursing and care which the plaintiff required. *Thayer* v. *Richards,* 19 Pick. 398. *Pettee* v. *Case,* 2 Allen, 546. *Hubbard* v. *Hubbard,* 12 Allen, 586. *Harvey* v. *Crooker,* 267 Mass. 279. *Cummings* v. *Tolman,* 292 Mass. 58. *De Angelis* v. *Palladino,* 318 Mass. 251. *Rayner* v. *McCabe,* 319 Mass. 311. *Durgin* v. *Allen,* 324 Mass. 157.

In the instant case the conveyance was made upon express conditions. Indeed it would be hard to imagine more apt or accurate language to express such an intent upon the part of the grantors. *Clapp* v. *Wilder,* 176 Mass. 332, 337. Relief was granted, as appears from the report of material facts, for the purpose of removing a cloud upon the title. We think that this remedy in the circumstances was available to the plaintiff. *Rayner* v. *McCabe,* 319 Mass. 311. Williston, Contracts (Rev. ed.) § 1456. Corbin, Contracts § 1120. 9 Am. Jur., Cancelation of Instruments, § 31. 112 A. L. R. 670.

The correctness of the interlocutory decree overruling the demurrer is open for our consideration, although no

appeal was taken therefrom, in so far as it erroneously affects the final decree. G. L. (Ter. Ed.) c. 214, § 27. *Gibbons* v. *Gibbons*, 296 Mass. 89. *Rigs* v. *Sokol*, 318 Mass. 337. *Kenyon* v. *Chicopee*, 320 Mass. 528. *Carson* v. *Gikas*, 321 Mass. 468.

In view of what has already been said, we only need to discuss briefly this interlocutory decree. The defendants contend that the suit was brought prematurely and refer to a provision in the deed which followed the express conditions already mentioned and which read as follows: "Any action for breach of either of the foregoing conditions shall be brought within ninety days after the death of the last survivor of the grantors. The record of an affidavit of identity, coupled with certificates of the death of said grantors shall be conclusive evidence that the grantees have fulfilled these conditions herein expressed." The deed is not an example of good draftsmanship and a missing boundary was supplied in proceedings in the Land Court. This provision does not in plain and categorical terms state that no action shall be brought by the grantors or either of them in their lifetimes. In answer to questions by the judge, the scrivener testified that what he meant to say was that no action should be brought more than ninety days after the death of the survivor. In other words, what he was endeavoring to do was not to limit the time within which the grantors or their survivor might commence an action but to avoid, as he said, any defect in the title by limiting the time beyond which an action could be brought. He explained to the grantors and the grantees the provisions of the deed, and it is reasonable to assume that he gave the same explanation of this provision now in question as he gave the judge. His explanation of what he meant was consistent with common sense and good judgment, for an agreement to furnish care to the grantors while they were alive would be of no value if they were deprived of any relief for a breach until both were dead. The bill is not multifarious in seeking to remove as a cloud upon the plaintiff's title, the mortgage given to Lillian Cohen by the

Keefes. The demurrer was properly overruled in so far as it set up res judicata. Such an alleged ground went beyond the face of the bill and was an affirmative defence that should be set up by plea or answer. *Foye* v. *Patch,* 132 Mass. 105, 110. It may not be improper to point out that the record as far as it goes indicates that the instant suit was based upon a material breach of contract occurring subsequent to the previous litigation. We cannot accept as facts allegations appearing only in a brief of counsel. *Comstock* v. *Dewey,* 323 Mass. 583, 585.

It follows that the final decree must be affirmed with costs of the appeal.

*So ordered.*