Shubow, J.
In this action for property damage allegedly sustained by the plaintiff homeowners from blasting operations of the defendant, the trial judge’s ultimate conclusion was expressed as follows: “The Court finds the only way it (sic) could cause such damage at such distance would be negligent blasting by the defendant.” The quoted language is tantamount to an erroneous ruling that the principle of res ipsa loquitur may be relied on in this case to overcome the absence of direct evidence or reasonable inferences of negligence.[2]
The following facts emerge from the Report as either agreed upon or open to the trial judge on the evidence.[3]
The defendant was conducting blasting operations at the West Roxbury Stone Quarry on June 7,1979,3,800 feet from the residence of the plaintiffs. At about twelve noon, the female plaintiff heard a loud noise and at approximately the same time she felt her house shake, the windows rattle, and heard the mirror crash in the living room of her home. She had heard other blasts before the incident in question, but “this one was louder than any of the others ...” On the evening of the same date, the male plaintiff, upon inspection found that cracks in certain ceilings in his home which he had noticed prior to the date in question were wider than before. He also noticed that plaster in his cellar had fallen.[4]_
*196 Testimony, including that of an expert, on behalf of the defendant describing its operations was manifestly rejected by the judge and, therefore, need not be recounted. We do note the testimony put into issue (a) whether the defendant’s activities were the proximate cause of the plaintiffs’ damage, and (b) whether, if they were, the defendant had been negligent. Rejection of this testimony is not proof of the opposite. Kahn vs. Brookline Rent Control Board, 1981 Mass. App. Div. 111, 113.
What is conspicuous is the absence of any express finding by the trial judge that the defendant’s blasting operations were indeed the causé of the harm sustained by the plaintiffs.
It has long been established in our jurisprudence that damage resulting from blasting must be analyzed so as to determine whether it is “direct,” that is caused by debris or stones being cast upon one’s property, or “indirect” or consequential,” that is caused by vibration, concussion or like forces. See, as a typical case, Coughlan v. Grande & Son, Inc., 332 Mass. 464, 467 (1955); see also NOLAN, TORT LAW, § 253. In the former case, the actor is liable whether or not at fault. By statute, liability attaches without proof of fault. G. L. ci 148, §20C; St. 1972, c. 333. In the latter case, proof by the claimant of negligence is required. A recent effort to persuade our Supreme Judicial Court to change that rule and-adopt what was argued to be the majority rule [see W. PROSSER, TORTS, § 78 at 514, (4th ed. 1971)] failed on the ground that change in the law was'a matter of legislative, not judicial, competence. See O’Connor, Tr. v. E.J. DiCarlo & Sons, Inc., 376 Mass. 927, 927-928 (1978).
The parties in this case do not disagree that it was the plaintiffs’ burden to prove negligence and the trial judge so ruled in response to a number of Requests, in particular, those numbered 8, 9, and 10.
However, the sufficiency of the evidence to support either a finding that the defendant’s activities caused the damage complained of or that the defendant carried on its blasting operations in a negligent manner was squarely presented.[5]
We recognize that in some situations a court may infer the facts constituting negligence and causal connection. Goldman v. Regan, 247 Mass. 492 (1924), relied on by the plaintiff, presented such a situation. It is instructive to compare the facts: In that case, among other circumstances, it was shown that the defendant had been carrying on blasting activities on . and near the sidewalk in front of the plaintiffs’ house for several days, that while the defendant was blasting with dynamite an explosion occurred of such force and violence that some of the ceilings fell and that a portion of the cellar wall fell into a hole in the street seen immediately after the blast. Based on what was seen on a view, in addition to the trial evidence, the court concluded the jury was “warranted in finding upon the evidence, independently of the results of the blast, that the defendant was negligent in blasting the rock in too close proximity to the plaintiffs house, or in using an unduly heavy charge and not protecting it...” (p. 495). (Emphasis supplied). What dramatically distinguishes the case is the following observation: “If, as the defendant contends, the blasting was done without damage to other houses in that vicinity, the jury could have found that the dynamite was not exploded so near the other *197 houses, or that the charges were not so heavy as those exploded in front of the house of the plaintiff.” In short, closeness in space supplied the necessary foundation for the inference. No such physical fact is available here. The trial judge was entitled to reject expert testimony that had the blast caused damage 3,800 feet away from its source, the houses in closer proximity would have had more severe structural damage (R.3).[6] However, logic does not permit ignoring the absence of any evidence of damage to structures closer to the scene of the blasting.
The Report contains no direct evidence of negligence or causal relationship. Any inference on those subjects must be seen as speculative and hypothetical. Denial of Requests numbered 1,4, and 6 constitutes prejudicial error. The case is remanded to the West Roxbury Division where the finding for the plaintiffs is to be vacated and a judgment for the defendant is to enter.

 As the plaintiffs argue, the issue is not strictly whether or not the doctrine of res ipsa loquitur was wrongly applied but rather whether fault upon the part of the defendant can be found to flow inexorably from the underlying circumstances. See the discussion in The Clark-Aiken Co. v. Cromwell-Wright Co., Inc., 367 Mass. 70, 77, n. 6 (1975). The trial judge’s formulation comes close to resting upon the principle of strict liability.

 In their brief, under the section headed “Statements of Facts and Prior Proceedings” the plaintiffs assert (at p. 1) “Unless the defendant had used an excessive and unsafe amount of explosive, the damage to the plaintiffs’ house, located about one-half mile from the blast, could not have occurred (R. p.3).” Examination of page 3 of the Report discloses no factual basis for such an assertion and indeed the absence of such language. Assertion of facts in a brief not appearing in the record is not to be countenanced, See Rules of Appellate Procedure, 16(e), 365 Mass. 844, 862 (1974). Briefs are not the appropriate instrument for presenting facts to any appellate tribunal. Collins v. Keefe, 332 Mass. 375, 379 (1955); Mott v. Morin’s Bakery & Restaurant, 45 Mass. App. Dec. 75, 81 (1970).

 The foregoing is drawn from the recital of trial evidence in the Report. In his findings, the judge goes somewhat beyond the reported evidence (for example, “at 12 noon she heard many explosions; that at the same time her house shook and a mirror was caused to fall off a wall and break and in falling it chipped a sofa and then the mop board; that ceilings had produced larger cracks; that in the cellar plaster fell”) In the absence of any claim by the appellant, either in the trial court or here, that these findings by the judge were not based on evidence adduced at the trial, we shall assume that they were.

 “1. The evidence is insufficient to warrant a finding in favor of the Plaintiff. J udge’s Ruling: Denied.
“4. The evidence is insufficient to warrant a finding of negligence on the part of the Defendant, Anderson Explosives, Inc., if any proximately caused the Plaintiffs alleged damages. Judge’s Finding (sic): Denied.” , . , ,
, . , “6. The evidence is insufficient to warrant afinding that the n egligence of the Defendant, Anderson Explosives, Inc., if any proximately caused the Plaintiffs alleged damages. Judge’s Finding (sic): Denied.”

 In their brief the plaintiffs argue (p. 8) that proof of negligence is supplied by the expert’s testimony and the rational inferences to be drawn therefrom. The testimony relied on is not identified. Our reading is that all of the expert testimony tended to exculpate the defendant.